SPECTOR, Acting Chief Judge.
Appellant seeks reversal of a final judgment upholding the validity of a city ordinance requiring a permit and the payment of an inspection fee in order to set up a mobile home within the city limits of the City of Port Orange, Florida. The ordinance in question provides as follows:
“SECTION 1. Section 105.1(a) of the Southern Standard Building Code is hereby amended to read as follows:
“105.1(a) Any owner, authorized agent, or contractor who desires to con *57 struct, enlarge, alter, repair, move, demolish or change the occupancy of a building or structure, set up mobile homes, or to erect or construct a sign of any description, or to install or alter fire-extinguishing apparatus, elevators, engines, or to install a steam boiler, furnace, heater, incinerator, or other heat producing apparatus, or other appurtenances, the installation of which is regulated by this code, or to cause any such work to be done, shall first make application to the Building Official and obtain the required permit therefor.
“SECTION 2. Section 106.1(a) of the Southern Standard Building Code is hereby amended to read as follows:
“106.1(a) No person, firm or corporation shall erect, construct, enlarge, alter, repair, move, improve, remove, convert or demolish any building or structure, or set up mobile homes, in the applicable jurisdiction or cause the same to be done, without first obtaining a separate building permit for such buildings or structures from the Building Official.
“SECTION 3. A new section designated as Section 107.4(d) of the Southern Standard Building Code is hereby added, as follows:
“107.4(d) Fees for setting up or parking mobile homes shall be as follows :
$ .30 per lineal foot for mobile homes 8 feet wide
$ .40 per lineal foot for mobile homes 10 feet wide
$ .50 per lineal foot for mobile homes 12 feet wide
$ .70 per lineal foot for mobile homes 20 feet wide
$1.00 per lineal foot for mobile homes 24 feet wide
In addition to the aforesaid fees, an inspection fee of $5.00 per mobile home shall be paid at the time of filing application.”
Appellant contends, inter alia, that the above ordinance is invalid because it delegates authority to the building inspectors without prescribing any uniform standards for determining whether mobile homes are properly “set up”. We agree.
There can be no doubt that the City of Port Orange has a valid purpose in attempting to regulate the setting up of mobile homes within its city limits in order to insure the safety of its residents. However, it is fundamental in our legal system that when the power to issue or deny permits is delegated to an official, it must be accompanied by definitive standards upon which the official’s decision must be based. Because of the absence of such guidelines in the instant case, the ordinance must fall.
The Supreme Court in State v. City of Miami, 107 So.2d 387 (Fla.App.1958), was presented with a similar question involving an ordinance for the licensing of day care centers which was without question a valid exercise of the city’s police power. The ordinance in the Miami case provided that in order for a nursery to receive a license, it must provide written certification that the nursery has been approved by the Florida State Welfare Board. In declaring the Miami ordinance invalid, the court stated:
“The conclusion is inescapable that the requirement in question, as now worded, amounts to an unauthorized delegation of legislative power by the city. This is so because no guides or standards are set out or even referred to, by which the State Welfare Board could or should determine an applicant’s fitness or suitability. To give the ordinance provision validity, it would be necessary that it fix and recite, at least in general terms, the standards to be used and applied, or if it is desired to adopt the standards or minimum standards set by the State Welfare Board, some reference should be made to them. As drawn, the effect of the ordinance is to confer upon the State Welfare Board the authority to grant approval to one yet withhold it from another, at whim, and without guides or accountability.”
In the case sub judice, the welding, plumbing and electrical inspectors are provided no guidelines, even in the most general terms, upon which to base their deter *58 mination as to whether or not a permit to set up a mobile home should be issued. Rather, this determination is left entirely to the individual discretion of the inspector.
Appellant has raised other points on appeal which we find to be substantially without merit. However, for the foregoing reasons, we reverse and remand for an entry of a judgment not inconsistent with the views enunciated herein.
JOHNSON and BOYER, JJ., concur.