ON MOTION TO ENFORCE MANDATE OR ALTERNATIVE MOTION FOR CLARIFICATION .
SPECTOR, Associate Judge (Retired).
Appellants have filed a motion to enforce our mandate entered following the decision on appeal filed on August 20, 1974, which is reported at 299 So.2d 56, or in the alternative a motion for clarification.
As reference to our decision, supra, will reveal, the appellants were plaintiffs below in an action brought as a class action to declare a building ordinance of the appel- *178 lee municipality unconstitutional and to require the appellee to refund the fees exacted from all members of the class allegedly represented by the appellants. At the trial of this cause prior to the appeal, the court below rejected the plaintiffs’ contention that the ordinance was invalid and entered judgment accordingly. Having so held, the trial court had no reason or basis for ruling upon the plaintiffs’ class action claims or even to rule on whether a class action could properly be prosecuted in the circumstances presented below.
When the final judgment upholding the ordinance was reviewed by this court, we reversed holding that the ordinance was invalid for the reasons stated in the opinion and concluded with the statement that:
“Appellant has raised other points on appeal which we find to be substantially without merit. However, for the foregoing reasons, we reverse and remand for an entry of a judgment not inconsistent with the views enunciated herein.”
Upon the going down of our mandate, the appellants filed their motion styled “Plaintiffs Motion for Order Setting Evi-dentiary Hearing Concerning Refunds and Attorneys’ Fees, for Declaratory Order and for Entry of Final Judgment.” In support of said motion, appellants recited the following, in part:
“7. The First District Court of appeal Opinion in the instant case, filed on August 20, 1974, declared that the subject Ordinance was invalid and reversed and remanded the case ‘for an entry of a judgment not inconsistent with the views enunciated herein’.
“8. The aforementioned language of the Appellate Court interpreted in light of Florida law relating to class action suits involving the invalidity of municipal ordinances requires that the City refund to the Plaintiffs and all persons similarly situated the fees collected by the City pursuant to the invalid Ordinance.
“9. Under the decisions of the Florida courts, Plaintiffs’ attorneys are entitled to a reasonable attorneys’ fee for securing refunds for plaintiffs and all persons similarly situated and therefore the Court should set an evidentiary hearing relating to the reasonable value of the services rendered by Plaintiffs’ attorneys in securing a determination that the subject Ordinance was invalid and in securing refunds for all persons affected by the Ordinance.
“10. Because it has been two (2) years since the entry of the Final Judgment by the Circuit Judge, it is necessary to have an evidentiary hearing relating to the fees collected by the City pursuant to the invalid Ordinance and testimony relating to a reasonable attorneys’ fee for handling this matter on behalf of Plaintiffs and all persons similarly situated as well as taxation of costs in this matter.”
At about the same time the appellee city filed its motion for the entry of an amended final judgment “in accordance with the mandate of the First District Court of Appeals (sic.)”.
In due course a hearing was had on both motions. The transcript of what transpired at the hearing reflects that there was uncertainty as to the interpretation to be accorded our opinion on the going down of the mandate. We assume the responsibility for any such uncertainty for it is our duty to clearly indicate what further action, if any, is to be taken by the trial court. In any event, the uncertainty centered about what was to be done about the plaintiffs’ class action aspect of this litigation.
In our earlier decision, we made no ruling concerning the “class action” issue raised by the pleadings. In its final judgment which was the subject matter of the earlier appeal, the trial court upheld the validity of the ordinance involved and thus had no occasion to rule upon the “class action” question and the refund issue attendant thereto. Our review of the brief of *179 appellants filed earlier indicates that each of the “points on appeal” argued in the brief were directed to the validity of the ordinance involved and each of the “points” were in essence separate reasons advanced by appellants as to why they contended the ordinance to be invalid. We held the ordinance invalid for the reason stated in our opinion and rejected the other reasons advanced. However, no ruling was made by this court on the “class action” issue for the simple reason that it was not before us inasmuch as it had not earlier been ruled upon by the trial court, obviously for the reason that the ordinance had been ruled valid. In those circumstances there was no need for a ruling on the class action issue by the trial court until after the going down of our mandate invalidating the ordinance.
Despite the lack of certainty as to the effect of our decision on the class action issue, the trial court has now entered its amended final judgment holding the ordinance invalid pursuant to our mandate and has now ruled upon the parties’ postman-date motions by said amended final judgment holding that the “ . . . Court does not feel that the Plaintiffs have status to seek a refund in the nature of a class action for other parties other than those named as parties plaintiffs in the suit at bar. This Court bases its opinion upon the language contained in the last paragraph of the Opinion filed August 20, 1974, in the District Court of Appeal, First District, in Case No. S-262, . . . ” Said amended final judgment was entered on October 25, 1974.
Although the trial court cited our earlier opinion as the authority for his amended final order, we are not now concerned with the correctness of his cited authority. The only matter of concern is the correctness of his amended final judgment and that amended final judgment has not been brought before us for review in accordance with the Florida Appellate Rules.
Having responded herein to appellants’ “Motion for Clarification” to the extent the same touches upon the things and matters ruled upon in our prior decision, we decline comment upon said motion as it relates to matters not earlier before us and ruled upon. See Norwood Corporation v. City of North Miami Beach, 144 So.2d 317 (Fla.App., 1962) ; and Hoisington v. Kulchin, 178 So.2d 349 (Fla.App., 1965).
JOHNSON, Acting C. J., and BOYER, J., concur.