334 So.2d 639 (1976)
PINELLAS COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
JASMINE PLAZA, INC., a Florida Corporation, Appellee.
No. 75-1433.
District Court of Appeal of Florida, Second District.
July 9, 1976.
James A. Helinger, Jr., Asst. County Atty., Clearwater, for appellant.
Edmund S. Whitson, Jr., of Whitson & Whitson, Clearwater, for appellee.
BOARDMAN, Judge.
Pinellas County, appellant, sought by mandatory injunction to enjoin Jasmine Plaza, Inc., appellee, to replace certain trees and recover a civil penalty for removal of said trees from its property without first obtaining a tree removal permit, pursuant to County Ordinance 72-9, as amended by County Ordinance 74-5. Appellee filed its answer to the complaint and affirmative defenses and, thereafter, filed a motion for summary judgment. After hearing, the trial judge entered an order granting summary judgment in favor of the appellee finding that:
... The only limitation upon the discretion of the County Administrator, if it be a limitation, is found in paragraphs (a)(b) and (c) of Section 8, [Pinellas County Ordinance 72-9 as amended 74-5] as follows:
"(a) The condition of the trees with respect to disease, danger of falling, proximity to existing or proposed structures, and interference with utility services;
(b) Necessity to remove trees in order to construct proposed improvements to allow economic enjoyment of the property;
(c) Topography of land and the effect of tree removal on erosion, soil retention and the diversion or increased flow of surface waters."
Additionally, the trial court, in the summary judgment, adjudged, in pertinent part that:
(a) Pinellas County Ordinance 72-9 as amended by 74-5 is unconstitutional, violative of the Constitution of the State of Florida and of the United States Constitution in that it appropriates for public purpose private property without just compensation and without due process of law.

*640 (b) Ordinance 72-9 supra is unconstitutional in that it delegates to the County Administrator powers and authority without providing standards, criteria, or limitations in the exercise of said powers and authority.
(c) The Court finds that the County does have the authority to enact reasonable regulations concerning the preservation and protection for the growing of and removal of trees in the county and this Order is to be construed only as a ruling that Ordinance 72-9 is bad by virtue of its application and effect...
Appellant filed its motion for rehearing which was denied. This appeal timely followed.
Appellant has raised three points on this appeal. After review, we find that, in essence, there is one basic issue before us, that being whether said ordinance delegates power to the county administrator without providing adequate standards or guidelines.
It is a fundamental principle of law that a proper delegation of legislative authority to one of its administrative officers must impose sufficient guidelines upon that officer in order to withstand constitutional attacks. Without said criteria the decisions of the designated official could be arbitrary or capricious.
The trial court correctly found that the county has the authority as an agency of the State of Florida to adopt Ordinance 72-9 as amended by 74-5, to protect the general welfare, public health and safety. What concerned the trial court, as it does this court, is whether the guidelines and standards to be applied by the county administrator in deciding whether to approve or deny the issuance of a tree permit, as set out in paragraphs 8(a), (b) and (c) of the ordinance constituted an unlawful delegation of authority because it granted the administrator the power to arbitrarily decide each case. We agree with the trial court and hold that the ordinance, as presently enacted, is overly broad, imprecise and too loose.
The rationale for our holding may be found in Early Mobile Homes, Inc. v. City of Port Orange, Fla.App.1st, 1974, 299 So.2d 56:
... [I]t is fundamental in our legal system that when the power to issue or deny permits is delegated to an official, it must be accompanied by definitive standards upon which the official's decision must be based. Because of the absence of such guidelines in the instant case, the ordinance must fall. [299 So.2d 56, page 57].
See, also, North Bay Village v. Blackwell, Fla. 1956, 88 So.2d 524; Drexel v. City of Miami Beach, Fla. 1953, 64 So.2d 317; City of St. Petersburg v. Schweitzer, Fla.App.2d, 1974, 297 So.2d 74, cert. den., Fla. 1975, 308 So.2d 114; City of Homestead v. Schild, Fla.App.3d, 1969, 227 So.2d 540; and Mid-State Homes, Inc. v. Ritchie, Fla.App.1st, 1966, 181 So.2d 725.
This decision does not preclude the appellant from passing an appropriate tree ordinance that meets constitutional standards consistent with this opinion.
Accordingly, the trial court's ruling in declaring the ordinance herein involved to be unconstitutional is
AFFIRMED.
McNULTY, C.J., and HOBSON, J., concur.