QUESTION: Is the Broward County Beautification Committee, an organization created and appointed by the Broward County Board of County Commissioners pursuant to Ch. 28937, 1953, Laws of Florida, subject to the Government in the Sunshine Law?
SUMMARY: The Broward County Beautification Committee, created and appointed by the board of county commissioners pursuant to Ch. 28937, 1953, Laws of Florida, for the purpose of conserving natural roadside growths and scenery and beautifying the highways, roads, and streets in Broward County as provided in Ch. 28937, is an agency or authority of the county for the purposes of and subject to the provisions of the Government in the Sunshine Law, s. 286.011, F. S. You state in your inquiry that the Broward County Beautification Committee was set up without formal meetings since the statute did not specify meetings and that "the chairman acted as the administrator of the program." You further state that "[o]ur contributors and the committee do not feel the open meetings apply to the program since all contributions are freely and voluntarily given with no tax monies involved or any financial assistance given by any tax authority," and that "our contributors feel they should have the say if any" as to "where funds should be expended. . . ." The Broward County Beautification Committee was created by the Broward County Board of County Commissioners pursuant to authority granted by an act of the Legislature, Ch. 28937, 1953, Laws of Florida. The purpose of the Broward County Beautification Committee is to conserve the natural roadside growths and scenery and beautify the highways, streets, and roads in Broward County by restoring, planting, and seeding grasses, plants, and trees and maintaining the same along the roadsides of such highways, roads, and streets. Section 1, Ch. 28937. Section 3 of the act empowers the county tax collector to issue and deliver state motor vehicle license plates of selected numbers and other designations, if available, upon application and payment to the tax collector of a special fee in the amount of $5 upon such forms and in accordance with such rules as the tax collector may deem necessary to effectuate and carry out the provisions of the statute. Section 4 of the act requires the tax collector to deliver all such special fees collected and received by him to the committee and authorizes the committee to use such special fees for the purpose of beautifying the highways, roads, and streets in Broward County as set forth in s. 1 of the act. Section 4 of the act also requires the committee to keep adequate books of account, showing all receipts and expenditures of money. Such books are required to be open at all times for inspection by the board of county commissioners. The members of the committee are appointed by the board of county commissioners "to serve for such times as may be designated by said board." Section 2, Ch. 28937, supra. The committee is required at least once each year to file with the board of county commissioners a final statement showing all moneys received and expended by it and the purpose for which such expenditures were made. Section 4, Ch. 28937. Florida's Government in the Sunshine Law provides in pertinent part that: All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times. . . . [Section 286.011(1), F. S.; emphasis supplied.] The Broward County Beautification Committee was created, and its members appointed, by the Board of County Commissioners of Broward County pursuant to legislative act. Its purposes, duties, and functions have been prescribed by law. Its books of account are open to inspection by the board of county commissioners at all times, and it must report all its receipts and expenditures and the purpose thereof to the county commissioners. It is clear, therefore, that said committee is an agency or authority of the county for the purposes of and subject to the provisions of the Sunshine Law, s. 286.011, F. S., which requires that all meetings at which official action is to be taken be open to the public, that reasonable notice of such meetings be given, and that minutes of all such meetings be promptly recorded and made available for public inspection. The only nonconstitutional exceptions to the Sunshine Law are those created by the Legislature. City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973). The broad provisions of the Sunshine Law make no distinction between elected and appointed boards or commissions and boards or commissions whose members serve with or without compensation. So long as the particular board or commission is an agency or authority of the state, county, municipal corporation, or political subdivision, it must comply with the Sunshine Law. Moreover, the members appointed to the committee by the county commission are not actually "volunteers," as suggested in your inquiry, in the sense of one who volunteers his services to a civic or charitable association or organization. While the Legislature would have no right to require meetings of volunteer civic organizations unconnected with a governmental agency to conform to the Sunshine Law, the same is not true regarding a subordinate group or committee selected by governmental authority. Town of Palm Beach v. Gradison, 296 So.2d 473 (Fla. 1974). Regardless of the views of the "contributors" on "who should have the say" as to how these public moneys are spent, the law clearly makes such a determination the responsibility of the committee. The Sunshine Law requires that the public have knowledge of and accordingly be given the opportunity to participate meaningfully in this decision-making process. Additionally, I find no pertinent legislative provision which exempts from s. 286.011, F. S., an agency of a county created pursuant to law such as the Broward County Beautification Committee. Of particular relevance in this context is Justice Adkins' opinion for the Florida Supreme Court in Canney v. Board of Public Instruction of Alachua County, supra, in which he states: Various boards and agencies have obviously attempted to read exceptions into the Government in the Sunshine Law which do not exist. Even though their intentions may be sincere, such boards and agencies should not be allowed to circumvent the plain provisions of the statute. The benefit to the public far outweighs the inconvenience of the board or agency. If the board or agency feels aggrieved, then the remedy lies in the halls of the Legislature and not in efforts to circumvent the plain provisions of the statute by devious ways in the hope that the judiciary will read some exception into the law. Regardless of the claimed contributory nature of the highway beautification funds derived from these special fees for vehicle license plates of selected numbers and designations, such moneys are in fact public funds. Cf. State v. Town of North Miami, 59 So.2d 779, 785
(Fla. 1952). Since these are public funds or moneys, it is of no import that no tax "moneys are involved or any financial assistance given by any tax authority." Such "private contributions" are in fact statutory fees, authorized and prescribed by the Legislature. These official special fees are for the specified services of the state and county, which include the special license plates of the state and the statutorily mandated gratuitous services of the tax collector in issuing such plates and collecting and distributing the special fees. The committee is a statutory creature or entity performing statutorily prescribed duties and functions and utilizes the public moneys (special fees) distributed to it under authority of law for beautifying the roads and streets in the county as prescribed by Ch. 28937, supra. Any public officer, board, or entity receiving public moneys and using or disbursing the same for statutorily prescribed purposes is performing a governmental duty and function and exercising governmental discretion in the use or allotment and disbursement and the expenditure of such public moneys. Cf. White v. Crandon,156 So. 303 (Fla. 1934); Palbicke v. Lee, 172 So. 481 (Fla. 1937); Orrell v. Johnson, 147 So. 254 (Fla. 1933); 67 C.J.S. Officers s. 118. The committee cannot delegate its statutorily prescribed governmental authority and duties to any other governmental agency or officer or to any private individual or entity. See State ex rel. Wolyn v. Apalachicola Northern R. Co. et al., 88 So. 310, 311
(Fla. 1921); State v. Inter-American Center Authority, 84 So.2d 9,13-14; Nicholas v. Wainwright, 152 So.2d 458 (Fla. 1963); Florida Dry Cleaning and Laundry Board v. Economy Cash Carry Cleaners, Inc., 197 So. 550 (Fla. 1940); 67 C.J.S. Officers s. 104. Cf. Pinellas County v. Jasmine Plaza, Inc., 334 So.2d 639 (2 D.C.A. Fla., 1976). Finally, you noted in your request that Ch. 28937, 1953, Laws of Florida, does not require that the committee hold meetings and the chairman of the committee act as the administrator of the program. However, the only way the committee can officially act is through meetings of that body and through properly adopted motions and/or resolutions. It cannot act by and through the chairman, and the chairman alone cannot administer the statutorily prescribed functions and programs of the committee. Absent statutory authority, a public board or officer cannot delegate its or his statutory powers and duties involving discretion and judgment, although such official may delegate the performance of ministerial acts or duties. See 67 C.J.S. Officers s. 114, at p. 404; AGO's 073-380, 074-57, 074-116, and 075-306. While the committee may by duly adopted resolution delegate purely ministerial authority and functions to its chairman, it cannot, in the absence of express statutory authority, abdicate its statutorily prescribed authority and duty to use the revenues derived from the prescribed special fees "for the purpose of beautifying the highways, roads, and streets in Broward County as set forth in s. 1 of (Ch. 28937, Spec. Acts 1953)." The use, allotment, distribution, and expenditure of public moneys under the terms of s. 4 of Ch. 28937 involve the exercise of governmental discretion and judgment, not the performance of a ministerial act or function which may be delegable. Since Ch. 28937, supra, does not specify the method of organization of the committee or the procedures and mode of exercising its powers to allocate and use these public moneys for the purposes set forth in s. 1, the general parliamentary law should govern. See 67 C.J.S. Parliamentary Law, at 869, et seq., and Robert's Rules of Order.