ON MOTION TO ENFORCE MANDATE
PER CURIAM.
Defendant, Arthur E. Copeland, has filed a motion for enforcement of mandate pursuant to our decision in Copeland v. State, *318 435 So.2d 842 (Fla. 2d DCA 1983), petition for review denied 443 So.2d 980 (Fla.1983).
The issue on appeal was whether the trial court erred in denying the defendant’s motion to suppress a cassette tape recording containing self-incriminating statements made by the defendant during a private conversation inside his apartment. We determined that the application and order authorizing the interception of the taped communication did not comply with certain provisions of chapter 934 and that the order permitted an unconstitutional general search. As such, the conversation was unlawfully obtained. Thus, we held that the trial judge erred in admitting the cassette tape recording of the conversation at trial.
After the Copeland opinion was filed, the state filed a Petition for Rehearing or for Certificate of Question to the Florida Supreme Court contending, inter alia, that the appeal was contrary to existing case law. The state did not raise at that time, as it failed to do on appeal, the distinction between the conversation on the subject tape which took place in the defendant’s home and the conversation which took place in the surrounding area of defendant’s home.
The state then petitioned the Florida Supreme Court for review of this court’s decision. The petition was denied. Subsequently, the mandate of this court was entered and the case was remanded to the trial court for further proceedings. Following remand, the state filed its Motion Regarding Admissibility of Tape Recordings which alleged that an unspecified portion of the taped conversation with the informant occurred outside of the defendant’s home, and thus part of the conversation contained on the cassette tape should not have been suppressed. The trial court granted the state’s motion over defendant’s objection that the inadmissibility of the cassette tape recording was previously decided in the Copeland appeal.
As previously noted, in Copeland’s direct appeal the state never took the position that, even if the recording of the conversation inside the home were constitutionally impermissible, portions of the conversation which took place outside the home could properly be introduced into evidence. The state not having raised this issue on appeal, is now foreclosed from raising this point by way of its response to the defendant’s motion to enforce the mandate. See Early Mobile Homes, Inc. v. City of Port Orange, 306 So.2d 177 (Fla. 1st DCA 1975).
Moreover, the inadmissibility of the tape in its entirety was ruled on in the Copeland opinion. Therefore, the trial judge had no authority to enter a new order upon a point already decided in a prior appeal. State v. Christian, 463 So.2d 264 (Fla. 2d DCA 1984).
Accordingly, the trial court’s order granting the state’s Motion Regarding Admissibility of Tape Recordings is stricken.
GRIMES, A.C.J., and DANAHY and SCHOONOVER, JJ., concur.