227 So.2d 540 (1969)
The CITY OF HOMESTEAD, a Municipal Corporation, the Homestead Jewish Center, a Non-Profit Corporation of the State of Florida, and the Pure Oil Company, a Division of Union Oil Company of California, Appellants,
v.
Marvin SCHILD, Carl Weber, Jr., Thomas J. Walsh, Abe Rosin, Arnold C. Nass and Dorothy Nass, His Wife, Appellees.
No. 69-130.
District Court of Appeal of Florida. Third District.
November 4, 1969.
Vernon Turner, Homestead, and Podhurst & Orseck, Miami, for City of Homestead and Pure Oil Co.
Thomas J. Walsh, Homestead, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
*541 PER CURIAM.
The appellants were defendants below. Their appeal is from an adverse judgment invalidating a special permit for a use of a parcel of land contrary to its zoning, and enjoining such use thereunder. The facts of the case, and the statement of the legal principles involved and the determination thereof, are set forth in the judgment entered by the trial judge, principal portions of which we hereby quote with approval, as follows:
"The above cause came on for final hearing upon plaintiffs' complaint for injunctive relief, and the answers of defendants. Testimony was presented to the court together with documentary exhibits. The court has considered argument by respective counsel and memoranda of law submitted by respective counsel.
"Plaintiffs filed their complaint for injunctive relief in this cause on the basis of their ownership of property adjacent to a parcel of property in the City of Homestead for which the defendants, City of Homestead, granted a special use permit. Plaintiffs contend that said special use permit was granted illegally and constitutes an illegal infringement upon the property and rights of plaintiffs.
"Defendants are the City of Homestead, the Homestead Jewish Center which is the present owner of the property, and the Pure Oil Company an assignee of the Homestead Jewish Center.
"There appears to be little or no factual issues to be decided by the court. The material facts in this case are either agreed by all parties or are uncontroverted.
"It appears to the court to be undisputed that plaintiffs are owners of property in the immediate vicinity of land owned by the Homestead Jewish Center. The property of the plaintiffs and of the aforesaid defendant are in a zoning district of the City of Homestead designated as BU-1. The defendant, Homestead Jewish Center, hereafter referred to as the Jewish Center, made application to the City of Homestead for a special use permit on its property to permit the erection of an automobile service station. Automobile service stations are not specifically listed as a permitted use in the existing BU-1 zone as set forth in the zoning ordinance of the City of Homestead. Such service stations are specifically authorized in BU-2 zone.
"The Homestead Planning and Zoning Board held a public hearing on the said application of the Jewish Center. At this hearing the Board unanimously recommended a denial of the special use application.
"Thereafter, the City Council of the City of Homestead considered the recommendation of the Planning and Zoning Board and overruled its recommendation; in effect, granting the application of the Jewish Center for a special use permit for said service station. There was no public notice that the matter would be considered by the City Council at the meeting in question, nor were any steps taken to notify interested parties; however, plaintiffs did receive actual notice although it was very short notice. Thereafter, the City of Homestead granted to defendant, Pure Oil Company, a building permit for the construction of a service station.
"Plaintiffs contend that the action of the city in granting a special use permit as a service station was invalid in that the effect was spot zoning or re-zoning or amendment of the zoning ordinances without fulfilling the requirements of a zoning ordinance amendment.
"Defendants contend that the granting of the special use permit was valid as being within the powers granted to the City Council under the Charter of the City of Homestead and the zoning ordinances. Defendants rely upon ordinances of the City of Homestead numbered 62-10-12, which was the original zoning ordinance; Ordinance number 66-04-4, an amendment to the master zoning ordinance providing for the issuance of special use permits or hardship *542 variances, and Ordinance number 67-02-3, another amendment to the master zoning ordinance providing for the City Council of the City of Homestead to grant special use permits or hardship permits without requiring notice to adjoining or adjacent property owners or public hearing.

* * * * * *
"Plaintiffs contend that the aforesaid amendatory ordinances providing for special use permits do not set forth standards upon which an administrative board can decide the propriety of granting a special use permit and that therefore the granting or denial of such an application is entirely within the arbitrary discretion of an administrative board. Defendants contend that the aforesaid ordinances do contain proper and sufficient standards by way of Paragraph 2 of Ordinance number 66-04-4 which states as follows:
`That special use permits or hardship variances are herewith excepted from the requirements of public hearings, publications of notice and similar prohibitions and the City Council of the City of Homestead retains jurisdiction and authority, in such cases as it deems necessary and essential to preserve and protect the health, safety and welfare of the citizens of Homestead, to grant special use permits or hardship variances, without the requirements of public hearings and publication of notices.'
"The court is constrained to agree with plaintiffs' contention that the aforesaid paragraph does not set forth standards upon which applications for special use permits can be considered. Apparently defendants rely upon the words of the foregoing paragraph, `* * * in such cases as it deems necessary and essential to preserve and protect the health, safety and welfare of the citizens of Homestead, * * *.' In the first place, there is some doubt as to whether those words were intended to be standards at all for the consideration of applications for special use permits. The words actually appear to be only incidental to the principle intent of the paragraph which is that special use permits or hardship variances may be granted without the requirement of public hearing and publication of notices. However, assuming for the sake of argument that such words are intended to be standards, in the opinion of the court such would not constitute sufficient standards, but instead fall far short of legal requirements.
"Defendants in their brief, rely upon Rathkopf, the Law of Zoning and Planning (3rd Ed.) Vol. 2, Chapter 54, Sections 1-5, whom defendants refer to as the leading authority in the United States on zoning. This court has carefully read the excerpts from the aforesaid authority which has been attached to defendants' brief and finds that even this authority is contrary to defendants' contentions. It is true that Rathkopf sets forth numerous decisions in various jurisdictions in the U.S. which uphold similar wording as constituting proper standards; however, he also cites numerous authorities to the contrary. The author himself sets forth his opinion that such wording should not be regarded as proper standards. Although the author's personal opinion can have no weight in a court's decision, his reasoning may be given weight when approved by the court. This court adopts the reasoning of Rathkopf where he states,
`To hold that the limitations imposed by the zoning enabling act, namely, by both the "Purposes in View" section and the basic purpose of promoting the public health, safety and general welfare are a sufficient standard for exercise of the discretionary power of the board of appeals to grant or reject applications for special use permits seems to this author to ignore certain fundamental concepts.
`1. Such "standard" is identical in language, form and scope as that governing the legislative function in enacting the ordinance or an amendment thereto. Since it places in the hands of the administrative body the same power, limited only by the same inherent constitutional *543 requirement that it be exercised reasonably, as was conferred by the sovereign state upon the legislative body, it is difficult to perceive how it can be said that it is a delegation of a lesser power.
`2. The power to discriminate is nowhere curtailed.'
* * * * * *
"More important is the fact that a perusal of Florida citations indicates that the law of Florida is committed to the doctrine of the requirement that zoning ordinances and their exceptions must be predicated upon legislative standards which can be applied to all cases, rather than to the theory of granting an administrative board or even a legislative body the power to arbitrarily decide each case entirely within the discretion of the members of the administrative board or legislative body, or to shift a particular parcel of property arbitrarily from one zoning classification to another, whether by `variance,' `exception' or `special use.' Drexel vs. City of Miami Beach, Fla. 1953, 64 So.2d 317; Josephson vs. Autrey, Fla. 1957, 96 So.2d 784; Mayflower Property, Inc. v. City of Fort Lauderdale, Fla.App. 1962, 137 So.2d 849. The latter case has been cited in briefs by defendants as well as the plaintiffs but the court is of the opinion that the case upholds the plaintiffs' contention in this cause rather than those of the defendants. Much is made by defendants that the Mayflower case differentiates between `variance' and `exceptions.' However, defendants overlook the statement in the opinion, to-wit: `A zoning ordinance that failed to establish a sufficiently adequate and definite guide to govern officials with respect to grant of variances, exceptions or permits is void.'
"The findings of the court as to law and fact are as follows:
"1. That the court has jurisdiction of the parties and of the subject matter of this cause;
"2. That the equities are in favor of the plaintiffs and against the defendants;
"3. That those portions of the zoning ordinances of the City of Homestead which purport to enable the Homestead Planning and Zoning Board and the City Council of the City of Homestead to grant special use permits whereby property classified as one particular use zone is permitted to be used for purposes not authorized in such zone, be, and the same, are declared invalid to that extent;
"4. That plaintiffs are entitled to the relief sought in their complaint; wherefore, it is
"Ordered and Adjudged as follows:
"1. That defendants are enjoined from erecting or permitting to be erected an automobile service station on the property which is the subject matter of this cause;
"2. That the permit issued by defendant, City of Homestead, to defendant Pure Oil Company, on April 8, 1968, for erection of a service station, be, and the same, is cancelled and is null and void;"
We find no need to supplement the foregoing decision as rendered by the able trial judge, which we find to be correct, and affirm.
Affirmed.