331 So.2d 350 (1976)
CITY OF JACKSONVILLE, a Municipal Corporation, Appellant,
v.
Patrick S. GOODBREAD et al., Appellees.
No. Z-262.
District Court of Appeal of Florida, First District.
April 20, 1976.
Rehearing Denied May 26, 1976.
Harry L. Shorstein and Donald R. Hazouri, Jacksonville, for appellant.
Roy E. Dezern, Jacksonville, for appellees.
SWIGERT, Associate Judge.
The City of Jacksonville appeals from a Final Judgment of the Circuit Court of Duval County, holding that Section 708.906(c)(2) of the Ordinance Code of the City of Jacksonville is arbitrarily discriminatory and void. The Ordinance Code in issue is a section of the comprehensive zoning code of the City of Jacksonville and governs the distance limitations from schools and churches for liquor licensees. The code established 3 alcoholic beverage zones governing the issuance of liquor licenses as aforesaid. A relevant portion of the Ordinance provides in part as follows:
708.905 ALCOHOLIC BEVERAGE ZONES. For the purposes of this Part, there are established three Alcoholic Beverage Zones wherein locations for liquor licenses shall be approved only in compliance with restrictions of this Part as applicable to such zones:
(a) DOWNTOWN ZONE  All of that area of land encompassed by the following boundaries:
Beginning at the intersection of the centerline of the St. Johns River with the John E. Mathews Bridge; thence Southerly and Westerly along the centerline of the St. Johns River to its intersection with the Florida East Coast Railway Bridge; thence Northerly and Westerly along the centerline of the Florida East Coast Railroad to its intersection with the Interstate 95 Expressway; thence Northerly along the centerline of the Interstate 95 Expressway to its intersection with Old Kings Road (North); thence Southerly and Easterly along the centerline of Old Kings Road (North) to its intersection with State Street; thence Easterly along the centerline of State Street to its intersection with Washington *351 Street; thence Easterly along the centerline of the Expressway (Alternate U.S. 1 and Alternate U.S. 90) to the John E. Mathews Bridge; thence along the centerline of the John E. Mathews Bridge to the point of beginning; all such streets, railroads, rivers, bridges and other physical features used in such description to be as in existence on October 1, 1971.
(b) USD 1 ZONE  All of that area of land within the First Urban Services District as it existed on April 10, 1969 and which is not included in the Downtown Zone.
(c) GSD ZONE  All of that area of land within the General Services District which is not included in any Urban Services District. USDs 2-5 EXCEPTED. (Ord. XX-XXX-XX, Sec. 2)
Section 708.906 of said Zoning Code governs the distance limitations for liquor licensees from churches and schools and provides:
708.906 DISTANCE LIMITATIONS. Except as provided in Sections 708.909 and 708.910, no location shall be approved for a liquor license unless such location is not less than the distance limitations as required by this section.
(a) DOWNTOWN ZONE
(1) One thousand feet from any other location where there exists a current liquor license, or
(2) One hundred fifty feet from any established school or church.
(b) USD 1 ZONE
(1) Three thousand feet from any other location where there exists a current liquor license.
(2) Two hundred feet from any school or church.
(c) GSD ZONE
(1) Three thousand feet from any other location where there exists a current liquor license.
(2) Two thousand five hundred feet from a school or church.
The part of said Ordinance that is in issue herein is that which provides that no location shall be approved for liquor license unless such location is not less than two thousand five hundred feet from a school or church. The Trial Court held this section unconstitutional.
Plaintiffs claimed that said section was arbitrary and discriminatory and is unconstitutional because it is not uniform and it is discriminatory against Plaintiffs and does not operate equally upon all persons.
The Defendant City alleged that the purpose of the different zones is to protect the health and welfare of the City, by and large the residential community, and that this was the philosophy underlying the comprehensive zoning plan of the City of Jacksonville. The City further alleged that the core City comprising the Downtown Zone is more intensively developed than the General Services District and that preservation of the residential integrity of the General Services District is the reason for the differentiation in distance requirements. Further, the high density of Downtown Jacksonville is an area that has very little residential character as opposed to the General Services District.
The evidence showed that the Goodbreads owned property in Block 2, Riverside Gardens, located within a GSD Zone. The property is further identified as being located at the intersection of Highway and Cassat Avenues, and is in a highly developed commercial and industrial area. It is zoned Commercial Intensive (CI). A permitted use of property so zoned is shown in Section 708.314, sub-paragraph 7, of the Code, as follows:
"Establishments or facilities for the retail sale and service of all alcoholic beverages, either for on-premises or off-premises consumption, or both."
The evidence further showed that the Cassat Avenue Baptist Church is located *352 445 feet from the nearest section of the Goodbreads' property.
It is our opinion that an establishment retailing alcoholic beverages from a location in a CI Zone within 150 feet of a church or school in the GSD Zone can have no more harmful effect than such an establishment within 150 feet of a church or school in the Downtown Zone. Here the Code establishes three different and unequal distance limitations within the City of Jacksonville upon the location of a liquor license within the single uniform zoning classification of Commercial Intensive. We hold that said classification is arbitrary and discriminatory and, therefore, void. Dade County v. Keyes, 141 So.2d 819, Fla.App. (D.C.A. 3d 1962). While it is not the function of the Court to rezone property or to usurp the legislative powers of government, it is the Court's function to determine at which point zoning restrictions become arbitrary. William Murray Builders, Inc. v. City of Jacksonville, 254 So.2d 364, Fla.App. (D.C.A. 1st 1971).
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.