THOMPSON, Judge.
The City of Jacksonville appeals from a final judgment which declared that §§ 708.-906, 708.907 and 708.910 of the City of Jacksonville Ordinance Code (relating to liquor license distance requirements) were arbitrarily discriminatory, unconstitutional, and void. The City contends that the distance requirements and the manner of computing distances are not arbitrary or discriminatory, but instead, are valid exercises of its police power. We agree and reverse in part.
The challenged ordinances provide as follows:
708.906 Distance Limitations. Except as provided in Sections 708.909 and 708.910, no location shall be approved for a liquor *1320 license unless such location is not less than:
(1) 1,500 feet from any other location where there exists a current liquor license, or
(2) 1,500 feet from any established school or church.
708.907 Measurement of Distances. All distances provided in this part shall be measured as follows:
(a) With respect to the distance between a location for which a liquor license is proposed and a location where such a license exists, the distance shall be measured by following a straight line from the nearest point of the building or portion of a building which is the proposed licensed premises to the nearest point of the building or portion of a building which is the existing licensed premises.
(b) With respect to the distance between a location for which a liquor license is proposed and an established church or school, distance shall be measured by following a straight line from the nearest point of the grounds used as part of the proposed location to the nearest point of the grounds used as part of the church or school facilities.
708.910 Existing Conditions.
(a) Establishments in locations where a current valid liquor license existed on September 1, 1976, shall not in any manner be affected by this part, nor shall any right of renewal of such licenses be changed by the distance limitations or any provisions of this part; except as provided in this Section.
(b) Notwithstanding the limitations of this part, any location shall be approved for a liquor license if in compliance with other parts of this Zoning Code and such license is being transferred or moved from a location where a current valid liquor license existed on September 1, 1976; provided such new location is not more than 1,500 feet from the old location; and further provided that the new location is not closer than eight hundred (800) feet to an existing church, school or location where another liquor license exists; which, without the provisions of this subsection, would be within a prohibitive distance. The number of times such license may be transferred or moved shall not be limited so long as each new location meets the requirements of this subsection with respect to locations of churches, schools or existing licenses, and with respect to the location of such liquor licenses on September 1, 1976.
There is a church located 1,057 feet from the nearest point of the appellee’s property measured by a straight line basis and 1,725 feet utilizing the pedestrian travel method of measurement. There is an existing liquor license premise located 1,144 feet from the appellee’s property utilizing the straight line method of measurement, and 2,230 feet utilizing the pedestrian travel method of measurement. The appellee’s request for a license was refused because of its failure to meet the distance requirements set forth in § 708.906, and because the transfer of its license would not meet the distance limitation of 1500 feet set forth in § 708.910(b). The appellee contended, and the trial court found, that these, ordinances were arbitrarily discriminatory and unconstitutional. The court held that § 708.906 and § 708.910(b) established two different and unequal distance limitations in the City of Jacksonville within a single zoning classification, and are therefore arbitrary, discriminatory, and void under the decision of this court in City of Jacksonville v. Goodbread, 331 So.2d 350 (Fla. 1st DCA 1976). The court then held that § 708.910(a) was also void. The court further found that the straight line method of measurement required by § 708.907 changed a prior ordinance, under which distance was measured by the most direct pedestrian route of travel from front door to front door. The court also found that § 708.907 imposed a new method of measurement from closest property line to property line. This ordinance was held to be more restrictive, and therefore arbitrarily discriminatory and void.
Each of the three ordinances under attack are separate and distinct, with § 708.910 having two distinct subsections. *1321 Section 708.906 simply requires that the location of the premises of an applicant for a liquor license be no closer than 1500 feet from the premises of any other valid existing liquor license holder, church or school. Disregarding the exceptions contained in § 708.910(a) and (b), this provision is uniformly applicable to the entire city and to all applicants. Therefore, it is nondiscriminatory. The other complaint that the distance of 1500 feet is arbitrary is not supported by law. The right of a municipality to regulate the distance between owners of liquor licenses and other holders of licenses, schools or churches, is authorized by law and has for its basic purpose the protection of the health and morals of the general public. Distance limitations between applicants and schools, churches and other liquor licensees up to 2500 feet have been authorized or approved in other instances. See Former Section 561.44, Fla.Stat.; Somlyo v. Schott, 45 So.2d 502 (Fla.1950). The ordinance in question does not have the infirmity of establishing different distance limitations within the city, as did the ordinance under attack in Goodbread, supra. The courts should not substitute their judgment for that of the legislative body as to the reasonableness of the 1500 feet distance limitation. It is neither arbitrary nor discriminatory, and it is a valid exercise of the City’s police power for the protection of the health and morals of the general public.
Section 708.907, which requires that the distance limitation be measured in a straight line from the closest property line to the closest property line, admittedly increases the actual distance requirement between an applicant and another liquor license holder, church or school from that required by the prior ordinance, which measured distances by the pedestrian travel method. But the fact that the ordinance is more restrictive than the old ordinance is not a basis for saying that the new ordinance is not fairly debatable or that it is arbitrarily discriminatory and void. See Glackman v. City of Miami, 51 So.2d 294 (Fla.1951). Additionally, in the case of State v. Permenter, 59 So.2d 773 (Fla.1952), the court held that if the ordinance did not specify the method of measurement then distance must be measured in a straight line. Thus, if § 708.907 was declared to be void, the straight line method of measurement would still be required under that decision.
We have determined that the trial judge correctly held that § 708.910(b) was arbitrary, discriminatory and void. This determination eliminates any conflict between this subsection and § 708.906.
The decision of the trial court declaring § 708.910(b) unconstitutional and void is affirmed. The decision of the court declaring §§ 708.906, 708.907 and 708.910(a) unconstitutional and void is reversed.
ROBERT P. SMITH, Jr., C. i\, and JOA-NOS, J., concur.