594 So.2d 779 (1992)
NOSTIMO, INC., and Pick Kwik Food Stores, Inc., Appellants,
v.
The CITY OF CLEARWATER, Florida, a Municipal Corporation, Appellee.
No. 90-03664.
District Court of Appeal of Florida, Second District.
January 3, 1992.
Rehearing Denied February 27, 1992.
*780 John T. Blakely and Charles A. Samarkos of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, for appellants.
M.A. Galbraith, Jr., City Atty., Clearwater, for appellee.
CAMPBELL, Judge.
In this appeal, Pick Kwik challenges that portion of the circuit court order that dismissed its request that section 137.011(d)(6) of the Clearwater City Code be declared unconstitutional on its face and as applied. We find that although the trial court correctly dismissed for failure to state a cause of action Pick Kwik's argument that the code section was unconstitutional on its face, the court should have allowed Pick Kwik to be heard on whether the code section was unconstitutional as applied.
The City of Clearwater Planning and Zoning Board (Board) had denied Pick Kwik's request for a conditional use permit that would allow Pick Kwik to sell beer and wine for off premises consumption. A hearing officer with the Division of Administrative Hearings upheld the Board's denial.
Pick Kwik then filed a two-count complaint in the circuit court. Count I was a petition for a writ of certiorari, and Count II asked the court to declare section 137.011(d)(6) of the Clearwater City Code unconstitutional on its face and as applied. The court denied the petition for certiorari and dismissed the complaint, entering a final judgment of dismissal on March 22, 1991. No review of that action has been sought.
The circuit court found that the code section was not unconstitutional on its face because the court in Life Concepts v. Harden, 562 So.2d 726 (Fla. 5th DCA 1990), had upheld language similar to that in the instant code section.
Section 137.011(d)(6) states:
(d) Standards for approval. A conditional use shall be approved by the board only upon determination that the application and evidence presented clearly indicate that:
... .
[The parties stipulate to (1) through (5).]
(6) The use shall be compatible with the surrounding area and not impose an excessive burden or have a substantial negative impact on surrounding or adjacent uses or on community facilities or services.
The circuit court was also persuaded by the fact that its earlier denial of certiorari had determined the matter, and to allow Pick Kwik to proceed would require the court to retry a matter already tried before two administrative bodies, in addition to the circuit court's review through certiorari.
Finally, the court found that Pick Kwik's argument that the code section was unconstitutional as applied also failed to state a cause of action.
In this appeal, appellant argues that the code section is facially unconstitutional because it gives Board members unbridled *781 discretion to determine when to grant a conditional use. See City of Homestead v. Schild, 227 So.2d 540, 543 (Fla. 3d DCA 1969). In order to be constitutionally valid, an ordinance must provide sufficient specificity that Board members may not "act upon whim, caprice or in response to pressures which do not permit of ascertainment or correction." Effie, Inc. v. City of Ocala, 438 So.2d 506, 509 (Fla. 5th DCA 1983). We conclude that the ordinance here is sufficiently specific to be constitutional on its face.
In Life Concepts, relied upon by the trial court, the phrase, "compatible with the surrounding residential uses," was found not to be unconstitutionally vague. The Clearwater City Code section states that the use must be "compatible with the surrounding area." Although the Clearwater code section contains additional language, we do not find that the addition of that other language renders the section vague. To the contrary, it provides the Board with additional factors to consider in ruling on a request for a conditional use permit.
The court in Alachua County v. Eagle's Nest Farms, Inc., 473 So.2d 257 (Fla. 1st DCA 1985) upheld an ordinance containing substantially similar language: "No relief may be granted or action taken ... unless such relief can be granted without substantial detriment to the public good and will not substantially impair the intent and purpose of the Alachua County Comprehensive Plan... ." Although the court there found the reference to the comprehensive plan to be key, we find the specificity provided by the comprehensive plan reference is met here by the reference to "surrounding or adjacent uses or on community facilities or services."
For these reasons, we conclude that the trial court was correct in finding the Clearwater City Code section constitutional on its face.
Appellant argues next that the court should not have dismissed for failure to state a cause of action its argument that the ordinance was unconstitutional as applied. We agree.
The court found that Pick Kwik failed to state a cause of action based on its conclusion that once the code section was found unconstitutional on its face, as requested by Pick Kwik, that fact would leave Pick Kwik with no available route to obtain the conditional use permit it sought and, consequently, with no cause of action. However, this approach fails to consider the fact that even though the code section may be constitutional on its face, it may still be unconstitutional as applied for denying appellant substantive due process. Based on the facts alleged in the complaint and the facts available to the circuit court, we believe that Pick Kwik stated a cause of action for denial of substantive due process and that the court erred in dismissing this argument with prejudice.
Under the code section, a request for a conditional use is to be approved if the use is compatible with surrounding uses and does not impose an "excessive burden or have a substantial negative impact on surrounding or adjacent uses or on community facilities or services." Since the area is zoned for the use requested, a convenience store that sells beer and wine, the requested use is compatible with surrounding uses, particularly in view of the nature of the surrounding uses. The record reveals that there are fifty-three businesses that sell beer and wine within two miles of Pick Kwik. Across the street from Pick Kwik is a 7-Eleven store that sells beer and wine for off premises consumption. The Camelot Motel, immediately north of the 7-Eleven, sells beer for on premises consumption. One block away, the Palm Pavilion sells beer and wine for on premises consumption. The Bikini Lounge had operated on the Pick Kwik site for the previous eighteen years under a liquor license that permitted the sale of beer and wine for on premises consumption.
Since we conclude that Pick Kwik's proposed use must be deemed "compatible with the surrounding uses," the only question is whether the use imposed an "excessive burden" or had a "substantial negative impact on surrounding or adjacent uses or community facilities or services." There is no explanation why Pick Kwik's use would *782 impose a more substantial burden than any of the other existing uses. State v. Walker, 444 So.2d 1137 (Fla. 2d DCA 1984) [challenged legislative activity may not be arbitrary or unreasonable]. Pick Kwik's allegations thus stated a cause of action for denial of substantive due process, and the court improperly dismissed Pick Kwik's claim.
Appellee also argues that Pick Kwik's "unconstitutional as applied" argument had already been determined by the court when it denied Pick Kwik's petition for certiorari. However, this is not true. Certiorari review may only properly consider the procedural due process afforded. See Hirt v. Polk County Bd. of County Comm'rs., 578 So.2d 415 (Fla. 2d DCA 1991). The substantive due process arguments presented here must be determined in a declaratory action. Id.
Appellee finally argues that the denial of a variance, as a quasi-judicial proceeding, may be challenged only by certiorari, and that an action for declaratory relief was improper. However, this action was a proceeding to challenge not only the application of the code section, but also its very validity or constitutionality. Review of a zoning denial on these grounds is properly brought as a declaratory action. Bama Investors, Inc. v. Metropolitan Dade County, 349 So.2d 207 (Fla. 3d DCA 1977).
We believe that the trial court action dismissing the declaratory action was improper and remand for proceedings consistent with this opinion.
SCHOONOVER, C.J., and PATTERSON, J., concur.