964 So.2d 827 (2007)
FRIENDS OF the GREAT SOUTHERN, INC., William R. Young, Richard Vest, Sara Case, Linda Wilson, Alysa Plummer and John Hayes, Appellants,
v.
CITY OF HOLLYWOOD by and through its CITY COMMISSION, a Florida Municipality, and SFD@ Hollywood, LLC, Appellees.
No. 4D06-3365.
District Court of Appeal of Florida, Fourth District.
September 19, 2007.
Ralf G. Brookes, Cape Coral, for appellants.
Jack J. Aiello and William S. Spencer of Gunster Yoakley, Kevin N. Markow and Daniel L. Wallach of Becker & Poliakoff, P.A., Bruce S. Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, and Robert M. Oldershaw, Hollywood City Attorney, Hollywood, for appellees.
SHAHOOD, C.J.
Friends of the Great Southern, Inc., William R. Young, Richard Vest, Sara Case, Linda Wilson, Alysa Plummer and John Hayes (collectively "Friends"), appeal an order of final judgment holding that section 5.6.F.5.d of the City of Hollywood *829 Land Development Code is constitutional. We affirm.
The City Commission of Hollywood, Florida, approved, pursuant to Code section 5.6.F.5.d, a Certificate of Appropriateness for the partial demolition of the Great Southern Hotel, a contributing structure in the Historic Hollywood Business District, and the proposed construction of a nineteen-story condominium, retail, and parking garage complex known as Young Circle Commons.
Friends sought declaratory judgment to determine (a) whether the criteria in section 5.6.F.5.d(1)-(8) are unconstitutionally vague because they do not contain sufficiently objective criteria and vest unbridled discretion in the City Commission, and (b) whether the City Commission properly applied section 5.6.F.5.d(1)-(8). Motions for summary judgment were filed by each side.
A hearing was held and the lower court granted the City's motion for summary judgment. The trial court issued a final judgment holding section 5.6.F.5.d to be constitutional.
Section 5.6.F.5.d. of the City of Hollywood Land Development Code provides:
d. Evaluation criteria. The City Commission and the Board shall consider the following criteria in evaluating applications for a Certificate of Appropriateness for Demolition of buildings, structures, improvements or sites.
(1) The building, structure, improvement, or site is designated on either a national, state, or local level as an historic preservation district or an architectural landmark or site.
(2) The building, structure, improvement, or site is of such design, craftsmanship, or material that it could be reproduced only with great difficulty and/or expense.
(3) The building, structure, improvement, or site is one of the last remaining examples of its kind in the neighborhood, the county, or the region.
(4) The building, structure, improvement, or site contributes significantly to the historic character of a historically designated district.
(5) Retention of the building, structure, improvement, or site promotes the general welfare of the city by providing an opportunity for study of local history, architecture, and design or by developing an understanding of the importance and value of a particular culture and heritage.
(6) There are definite plans for reuse of the property if the proposed demolition is carried out, and those plans will adversely affect on [sic] the historic character of the Historic District.
(7) The Unsafe Structures Board has ordered the demolition of a structure or the feasibility study determines that the retention of the building would deny the owner of all economically viable uses of the property.
(8) The information listed in the Historic Properties Database (a listing of historic and non-historic properties) has been considered as a guideline in determining whether a Certification of Appropriateness for Demolition should be issued.
"[A] defendant who challenges the constitutional validity of a statute bears a heavy burden of establishing its invalidity." Wright v. State, 739 So.2d 1230, 1231 (Fla. 1st DCA 1999)(citing Milliken v. State, 131 So.2d 889 (Fla.1961)). Friends argues that section 5.6.F.5.d. improperly vests unbridled discretion in the City Commission to approve or deny an application for certificate of appropriateness for demolition of a historic structure *830 because the code lacks sufficient standards and criteria.
In order for ordinances which provide decisional authority to be constitutional, they must have mandatory objective criteria to be followed when making a decision. See, e.g., Miami-Dade County v. Omnipoint Holdings, Inc., 811 So.2d 767, 769 (Fla. 3d DCA 2002), decision quashed on other grounds, 863 So.2d 195 (Fla.2003) (holding that provision of Miami-Dade County Code on unusual uses was legally deficient because it lacked objective criteria for the County's zoning boards to use in their decision-making process); City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100, 1104 (Fla. 3d DCA 1983) ("[I]f definite standards are not included in the ordinance, it must be deemed unconstitutional as an invalid delegation of legislative power to an administrative board."); ABC Liquors, Inc. v. City of Ocala, 366 So.2d 146, 149 (Fla. 1st DCA 1979) ("Any standards, criteria or requirements which are subject to whimsical or capricious application or unbridled discretion will not meet the test of constitutionality."); N. Bay Village v. Blackwell, 88 So.2d 524, 526 (Fla. 1956) ("An ordinance whereby the city council delegates to itself the arbitrary and unfettered authority to decide where and how a particular structure shall be built or where located without at the same time setting up reasonable standards which would be applicable alike to all property owners similarly conditioned, cannot be permitted to stand as a valid municipal enactment.").
Objective criteria are necessary so that:
1. persons are able to determine their rights and duties;
2. the decisions recognizing such rights will not be left to arbitrary administrative determination;
3. all applicants will be treated equally; and
4. meaningful judicial review is available.
Miami-Dade County, 811 So.2d at 769 n. 5.
Section 5.6.F.5.d provides eight objective criteria to follow, as evidenced by the Commission's fifteen-page summary report detailing their findings as to the eight criteria. The criteria need not be intricately detailed. Windward Marina, L.L.C. v. City of Destin, 743 So.2d 635, 639 (Fla. 1st DCA 1999) ("Impossible standards are not required."); Life Concepts, Inc. v. Harden, 562 So.2d 726, 728 (Fla. 5th DCA 1990) ("While it is true that the ordinance did not contain specific quantitative guidelines . . ., that level of specificity is neither required nor workable."). All that is required is that the criteria do not permit the decision makers to "act upon whim, caprice or in response to pressures which do not permit ascertainment or correction." Nostimo, Inc. v. City of Clearwater, 594 So.2d 779, 781 (Fla. 2d DCA 1992) (quoting Effie, Inc. v. City of Ocala, 438 So.2d 506, 509 (Fla. 5th DCA 1983)). The specificity of the guidelines will depend on the complexity of the subject and the "degree of difficulty involved in articulating finite standards." Askew v. Cross Key Waterways, 372 So.2d 913, 918 (Fla. 1978).
Friends specifically argue that the code fails constitutionally where it provides that "The City Commission and the Board shall consider the following criteria." Friends highlight that the commission only has to "consider" the criteria, that there is no clear direction as to whether one or all of the criteria must be met, and that there is no indication whether or not one or more factors can simply be considered and then disregarded.
*831 The Code's language of "shall consider" is not discretionary. In City of Miami, the court found error in language in an ordinance providing that the City Commission, in deciding whether to approve a planned area development project, "may include but are not limited to" certain criteria. 426 So.2d at 1105. The court found the language to be permissive rather than a mandatory connotation such as "shall." Id. The court explained that "an ordinance which permits a legislative agency to totally disregard listed criteria and to base a decision upon unlisted or no criteria" is not constitutional. Id. Similarly, in Effie, Inc. v. City of Ocala, 438 So.2d 506 (Fla. 5th DCA 1983), the ordinance in question required counsel to "take into account" certain enumerated criteria. This ordinance allows council to consider "all other pertinent factors that may arise in connection with the particular application and location being considered." Id. at 507. The court in Effie found that provision to be patently vague and obscure. Id. at 509.
Unlike the codes in City of Miami and Effie, section 5.6.F.5.d uses mandatory language and does not allow the commissioners to consider factors outside the criteria provided. The criteria of section 5.6.F.5.d are also objective and sufficiently detailed, elements which are necessary to uphold its constitutionality.
Affirmed.
GROSS and MAY, JJ., concur.