811 So.2d 767 (2002)
MIAMI-DADE COUNTY, Petitioner,
v.
OMNIPOINT HOLDINGS, INC., Respondent.
No. 3D01-2347.
District Court of Appeal of Florida, Third District.
March 6, 2002.
Robert A. Ginsburg, County Attorney, Jay W. Williams, Assistant County Attorney, for petitioner.
Hayes & Martohue and Deborah L. Martohue (St. Petersburg), for respondent.
Before JORGENSON, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Miami-Dade County seeks a writ of certiorari quashing a circuit court decision which directs the County's Community Zoning Appeals Board 12 [Board] to grant the application of Omnipoint Holdings, Inc. [Omnipoint] for an unusual use, a non-use variance, and a modification of a condition attached to an earlier resolution. This grant would result in permission for Omnipoint to erect a telecommunications monopole with a height of 148 feet.
The circuit court's decision ordering the Board to approve Omnipoint's application has two separate bases: (1) that the record before the Board reflects a lack of substantial competent evidence supporting the Board's denial of the application, and (2) that the Board's decision is in violation of *768 section 332(c)(7)(B)(i)(I) of the Federal Telecommunications Act, 47 U.S.C. § 332 (1996) [Fed. Act]. Our decision turns only on section 332(c)(7)(B)(i)(II) rather than (I).[1]
The Fed. Act states in pertinent part:
"(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any state or local government or instrumentality thereof.
(I) shall not unreasonably discriminate among providers of functionally equivalent services; and
(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services."
Our first concern is what we conclude to be the ability of the Board to deny arbitrarily the provision of wireless services,[2] which ability stems from the County's zoning code sections which contain the criteria for the grant or denial of unusual uses, non-use variances, and modifications of conditions.
Our discussion starts with unusual uses, which are established by section 33-13(e), Miami-Dade County Code. This section contains a lengthy list of uses which are conditioned on approval after public hearing. Among those uses is the requested monopole. The code section which purports to create the criteria which must be met for approval of unusual uses is section 33-311(A)(3), which provides in pertinent part:
"Special exceptions, unusual and new uses. [The county zoning boards have authority to] [h]ear application for and grant or deny special exceptions; that is, those exceptions permitted by the regulations only upon approval after public hearing, new uses and unusual uses which by the regulations are only permitted upon approval after public hearing, provided the applied for exception or use, including exception for site or plot plan approval, in the opinion of the Community Zoning Appeals Board, would not have an unfavorable effect on the economy of Miami Dade County, Florida, would not generate or result in excessive noise or traffic, cause undue or excessive burden on public facilities, including water, sewer, solid waste disposal, recreation, transportation, streets, roads, highways or other such facilities which have been constructed or which are planned and budgeted for construction, are accessible by private or public roads, streets or highways, tend to create a fire or other equally or greater dangerous hazards, or provoke excessive overcrowding or concentration of people or population, when considering the necessity for and reasonableness of such applied for exception or use in relation to the present and future development of the area concerned and the compatibility of the applied for exception or use with such area and its development."
This language is legally deficient because it lacks objective criteria for the County's zoning boards to use in their decision making process. As stated in University Books & Videos, Inc. v. Miami-Dade County, Fla., 132 F.Supp.2d 1008, 1017 (S.D.Fla.2001), in relation to this exact code section:
"First, the public hearing requirement grants too much discretion to the CZAB. The procedure for public hearings ... allows the CZAB to accept or reject an *769 application based on vague and subjective criteria.... The standards for granting or denying an application are not precise or objective. Indeed, they are almost entirely subjective. This is improper. See Lady J. Lingerie, 176 F.3d at 1362.[3]"
The court also noted that:
"Considerations of the public interest or incompatibility with surrounding land area are precisely the subjective and vague criteria that were rejected in Lady J. Lingerie."
The referenced Lady J. Lingerie court dealt with provisions of the Jacksonville Zoning Code,[4] which provisions are similar to those of section 33-311(A)(3), Miami-Dade County Code. As to the similar Jacksonville code language the Lady J. Lingerie court stated (at 1361):
"None of the nine criteria is precise and objective. All of themindividually and collectivelyempower the zoning board to covertly discriminate against adult entertainment establishments under the guise of general `compatibility' or `environmental' considerations."
We recognize, of course, that Lady J. Lingerie and University Books & Videos dealt with First Amendment issues surrounding adult bookstores and entertainment centers. The Lady J. Lingerie court, concentrating on such rights, stated en passant that Jacksonville was free to use its vague zoning criteria for other types of applications. As the federal court did not have that issue before it, the comment was gratuitous. It is also out of sync with Florida law. Consistently Florida courts have declared unconstitutional ordinances that lack objective standards to guide zoning and other quasi-judicial boards in making their decisions.[5]See North Bay Village v. Blackwell, 88 So.2d 524 (Fla.1956); Drexel v. City of Miami Beach, 64 So.2d 317 (Fla.1953); City of Miami v. Save Brickell Avenue, 426 So.2d 1100 (Fla. 3d DCA 1983); Pinellas County v. Jasmine Plaza, Inc., 334 So.2d 639 (Fla. 2d DCA 1976). Thus as section 33-311(A)(3) of the county code does not provide definite, objective criteria to guide the County's zoning boards in making their decisions, it is unconstitutional.[6]
In relation to Omnipoint's request for modification of a condition contained in an earlier zoning resolution, it is section 33-311(A)(7), Miami-Dade County Code that governs.[7] It reads:
"[The county zoning boards have authority to] [h]ear applications to modify or eliminate any condition or part thereof which has been imposed by any final decision adopted by resolution, and to modify or eliminate any provisions of restrictive covenants, or parts thereof, accepted at public hearing, except as otherwise provided in Section 33-314(C)(3); *770 provided, that the appropriate board finds after public hearing that the modification or elimination, in the opinion of the Community Zoning Appeals Board, would not generate excessive noise or traffic, tend to create a fire or other equally or greater dangerous hazard, or provoke excessive overcrowding of people, or would not tend to provoke a nuisance, or would not be incompatible with the area concerned, when considering the necessity and reasonableness of the modification or elimination in relation to the present and future development of the area concerned."
As can readily be observed this section also lacks constitutionally required objective criteria and is therefore invalid.[8]
We are thus left with the question of what effect the invalidity of the criteria has on Omnipoint's application in light of the Fed. Act, which precludes local governments from prohibiting the provision of wireless services. Ordinarily when the code standards for special exceptions, unusual uses, new uses, and conditional uses are declared invalid, the opportunity to obtain the exception or other use is lost. See City of St. Petersburg v. Schweitzer, 297 So.2d 74 (Fla. 2d DCA 1974), cert. denied, 308 So.2d 114 (Fla.1975). Here, however, unlike Schweitzer, we are dealing with the intent behind the Fed. Act. Keeping in mind that the Board denied Omnipoint an unusual use in a zoning district in which that use is permitted after public hearing the County's unconstitutional hearing criteria have the effect of prohibiting the provision of personal wire services in violation of the Federal Telecommunications Act, 47 U.S.C. § 332(c)(7)(B)(i)(II).
As the circuit court reached the right result (although on a different basis) we deny the County's petition for writ of certiorari and leave intact the circuit court's remand to the Board for the purpose of the Board's granting approval of Omnipoint's application for the monopole.
NOTES
[1] We do not reach the various questions as to substantial competent evidence.
[2] There is no doubt that wireless servicesat least under present technologyrequire a series of poles of substantial height in order to function.
[3] Lady J. Lingerie v. City of Jacksonville, 176 F.3d 1358 (11th Cir.1999).
[4] The Jacksonville code language may be found at pp. 1369-70, Lady J. Lingerie.
[5] Sufficient guidelines are required so that:

1. persons are able to determine their rights and duties;
2. the decisions recognizing such rights will not be left to arbitrary administrative determination;
3. all applicants will be treated equally; and
4. meaningful judicial review is available.
[6] Arguably Omnipoint did not preserve the constitutional question. However, sections 33-311(A)(3) and 33-311(A)(7) are fundamentally unfair and unjust. We therefore proceed to hold them invalid. See Pollock v. Department of Health & Rehabilitative Servs., 481 So.2d 548 (Fla. 5th DCA 1986).
[7] The earlier condition required development of Omnipoint's property in accordance with a specific site plan. The modification would amend the site plan so as to allow the monopole.
[8] As to Omnipoint's request for a non-use variance, the language of section 33-311(A)(4)(b) of the code (governing non-use variances) is also unconstitutional. See the discussion thereof in the concurring opinion in Miami-Dade County v. Brennan, 802 So.2d 1154 (Fla. 3d DCA 2001).