863 So.2d 195 (2003)
MIAMI-DADE COUNTY, Petitioner,
v.
OMNIPOINT HOLDINGS, INC., Respondent.
No. SC02-815.
Supreme Court of Florida.
September 25, 2003.
*196 Robert A. Ginsburg, Miami-Dade County Attorney, and Jay W. Williams and Robert L. Krawcheck, Assistant County Attorneys, Miami, FL, for Petitioner.
Deborah L. Martohue of Hayes & Martohue, P.A., St. Petersburg, FL, for Respondent.
Alejandro Vilarello, City Attorney, and Joel Maxwell, Deputy City Attorney, Miami, FL; and Robert S. Glazier of the Law Office of Robert S. Glazier, Miami, FL, for the City of Miami, Florida, Amicus Curiae.
Elizabeth Hernandez, City Attorney, Coral Gables, FL; and William Grodnick, City Attorney, Hialeah, FL, for City of *197 Coral Gables, Florida and City of Hialeah, Florida, Amici Curiae.
Eileen Ball Mehta and Stanley B. Price of Bilzin, Sumberg, Baena, Price & Axelrod, LLP, Miami, FL, for Builders Association of South Florida, Inc.; Latin Builders Association; Chamber South; Sweet Home Missionary Baptist Church, Inc. of Miami; Greater New Bethel Baptist Church, Inc. of Opa Locka; and New Birth Baptist Church, Inc., Amici Curiae.
Lynn M. Dannheisser, City Attorney, and Hans Ottinot, Deputy City Attorney, Sunny Isles Beach, FL, for City of Sunny Isles Beach, Florida, Amicus Curiae.
BELL, J.
We have for review Miami-Dade County v. Omnipoint Holdings, Inc., 811 So.2d 767 (Fla. 3d DCA 2002), which expressly and directly conflicts with this Court's decision in Broward County v. G.B.V. International, Ltd., 787 So.2d 838 (Fla.2001). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. As discussed below, because the Third District's decision exceeds the proper scope of second-tier certiorari review by addressing, sua sponte, the facial constitutionality of the ordinances at issue, we quash that decision and remand for further review.

FACTUAL AND PROCEDURAL BACKGROUND
Omnipoint Holdings, Inc. (Omnipoint) applied for an "unusual use" exception to the Miami-Dade County zoning ordinances in order to erect a 148-foot (fourteen-story) telecommunications monopole. The proposed site of the monopole is zoned for limited business use. The county's zoning ordinances do not permit telecommunications towers in the limited business district as a matter of right. However, towers may be erected in the limited business district if an unusual use exception is granted by the zoning board.
Omnipoint also sought a modification to the prior site plan for the property and a nonuse variance of the zoning regulations to allow the tower to be set back eighty-four feet from the rear property line, instead of the 164 feet typically required. The county's limited business district zoning regulations restricted building height to forty-five feet for all uses permitted as of right. At the time Omnipoint's request was presented to the zoning board, a public storage facility existed on the target property; two fully developed single-family town-home neighborhoods were immediately north and south of the proposed tower site; a 150-foot telecommunications tower was located on an adjacent parcel to the east; and seventy-five-foot electric utility poles lined the roadway to the north. Otherwise, the tallest building in the area was two stories high.
Miami-Dade County staff issued a report recommending that the zoning board approve Omnipoint's requests. At a hearing before the zoning board, the staff report, photographs, zoning maps, and testimony were introduced. Homeowners testified that the cell tower, by virtue of its size, use, aesthetics, and location on the site, would be incompatible with the character of the surrounding area. After the hearing, the zoning board issued a resolution denying Omnipoint's application, finding as follows:
[T]he requested modification, ... unusual use, ... and non-use variance of zoning regulations ... would not be compatible with the area and its development and would not be in harmony with the general purpose and intent of the regulations and would not conform with the requirements and intent of the Zoning Procedure Ordinance and the requested unusual use ... would have an *198 adverse impact upon the public interest and should be denied without prejudice.
On certiorari review, the circuit court granted Omnipoint's petition and quashed the decision of the zoning board. The circuit court held that the board's decision was unsupported by competent, substantial evidence and constituted "unlawful discrimination among providers of equivalent services" under the Federal Telecommunications Act, 47 U.S.C. § 332 (1996).[1] The circuit court remanded the case to the zoning board with instructions "to determine Omnipoint's application in accordance with" the court's opinion. Omnipoint did not allege in its petition that the zoning ordinance provisions were unconstitutional, and the circuit court did not address the constitutionality of those provisions. Miami-Dade filed a petition for writ of certiorari in the Third District Court of Appeal.
On second-level certiorari review, the Third District denied the county's petition and left intact the circuit court's remand.[2] The district court found no error in the circuit court's opinion. In fact, the Third District reached the same ultimate result, but it did so on a fundamentally different basis. Sua sponte, the district court declared the relevant portions of the county code governing unusual uses, modifications of prior approvals, and nonuse variances facially unconstitutional because they lacked objective criteria to guide zoning boards in their decision-making process. See Omnipoint, 811 So.2d at 768-70.
Miami-Dade filed a petition to invoke this Court's discretionary jurisdiction, alleging that the district court opinion was in direct and express conflict with decisions of this Court restricting the scope of second-tier certiorari review. Additionally, Miami-Dade argued that the district court opinion conflicted with our decisions holding that constitutionality issues should not be addressed when a case can be resolved on other grounds. We granted jurisdiction.

SCOPE OF SECOND-TIER CERTIORARI REVIEW
Miami-Dade alleges that the Third District exceeded the scope of second-tier certiorari review when it declared the ordinances unconstitutional.

A. APPLICABLE LAW
After a zoning board rules on an application for a special zoning exception, the parties may twice seek review in the court system. First, a party may seek certiorari review at the circuit court level. This review is a matter of right. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092 (Fla.2000). As we delineated in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982), and reiterated in G.B.V., the circuit *199 court's "first-tier" review is three-pronged. The circuit court must determine "(1) whether procedural due process is accorded, (2) whether the essential requirements of the law have been observed, and (3) whether the administrative findings and judgment are supported by competent substantial evidence." G.B.V., 787 So.2d at 843 (quoting Vaillant, 419 So.2d at 626).
The parties may then seek "second-tier" certiorari review of the circuit court decision by petitioning for review in the district court. Second-tier certiorari review is not a matter of right and is similar in scope to common law certiorari review. See Florida Power, 761 So.2d at 1092-93. The scope of the district court's review on second-tier certiorari is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law. G.B.V., 787 So.2d at 843 (quoting Vaillant, 419 So.2d at 626). In other words, this two-pronged, second-tier review is simply another way of deciding whether the lower court "departed from the essential requirements of law." Heggs, 658 So.2d at 530. A ruling constitutes a departure from the essential requirements of law when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." Tedder v. Florida Parole Comm'n, 842 So.2d 1022, 1024 (Fla. 1st DCA 2003) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)). The district court may not review the record to determine whether the underlying agency decision is supported by competent, substantial evidence. Florida Power, 761 So.2d at 1093. Therefore, as a practical matter, the circuit court's final ruling in most first-tier cases is conclusive because second-tier review is so extraordinarily limited. Id. at 1092.
Additionally, a petition seeking certiorari review is not the proper procedural vehicle to challenge the constitutionality of a statute or ordinance. Vaillant, 419 So.2d at 626. For example, in First Baptist Church of Perrine v. Miami-Dade County, 768 So.2d 1114, 1115 (Fla. 3d DCA 2000), the petitioner, on second-tier certiorari review, attempted to challenge the constitutionality of the same county ordinance at issue here. The Third District properly declined to exceed the proper scope of second-tier certiorari review and stated:
The Church attempts to challenge the constitutionality of section 33-311 of the Miami-Dade County Code, which section establishes the Zoning Board and creates the criteria to be used by the Zoning Board in its consideration of zoning application [sic]. We decline to address the merits of this issue because a petition for certiorari is not the proper procedural vehicle to challenge the constitutionality of this ordinance. See City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982) (The district court, in reviewing the circuit court's judgment determines "whether the circuit court afforded procedural due process and applied the correct law."). The constitutionality of the ordinance must be determined in original proceedings before the circuit court, not by way of a petition for writ of certiorari. See Nostimo, Inc. v. City of Clearwater, 594 So.2d 779 (Fla. 2d DCA 1992). Furthermore, this issue was never brought before the circuit court in the proceedings below and should not be considered initially by this Court.

Id. at 1115 n. 1 (emphasis added).

B. APPLICATION OF LAW
On first-tier certiorari review, the circuit court in this case applied the Vaillant test and quashed the zoning board's decision because it violated the second and third prongs. Specifically, the circuit *200 court found: (1) the board's decision did not comport with the requirements of the Federal Telecommunications Act; and (2) there was no competent, substantial evidence in the record to support the denial of the application. The first prong was not addressed because the question of procedural due process was not raised by either party.
On its review, the district court did not address either prong of a proper second-tier certiorari review. The first prong, whether procedural due process was afforded to the parties, was not an issue raised by the parties. There was no need to consider the issue. However, the district court also did not address the second and final element of second-tier certiorari review, whether the circuit court applied the correct law. This issue was raised by Miami-Dade and should have been adequately addressed.
Instead of limiting itself to addressing the two prongs of second-tier certiorari review, the district court reached an issue neither party raised in any phase of the proceedings. Sua sponte, the Third District considered the facial constitutionality of the Miami-Dade County ordinances. The district court stated that although "[a]rguably Omnipoint did not preserve the constitutional question," portions of the county code are "fundamentally unfair and unjust" and proceeded to hold them invalid. Omnipoint, 811 So.2d at 769 n. 6. The district court justified reaching the question of constitutionality solely on the authority of In re R.W., 481 So.2d 548, 549 (Fla. 5th DCA 1986) (holding patently unconstitutional a termination of parental rights statute that set forth no standards or guidelines for performance agreements, thus leaving "the substance of such agreements entirely to the whims and caprices of the individual social worker who drafts them"), aff'd, 495 So.2d 133 (Fla.1986). In R.W., the appellant specifically raised the issue of the constitutionality of the statute. By contrast, neither party in this case raised the constitutionality of the ordinances as an issue for the Third District to address.
Further, unlike R.W., the county's ordinances in this case, even if facially unconstitutional, do not approach the fundamental defectiveness or unjustness evident in R.W. The authority cited by the Fifth District in R.W. as authority to declare the statute unconstitutional was the United States Supreme Court's decision in Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941), in which the Court stated:
Ordinarily an appellate court does not give consideration to issues not raised below. For our procedural scheme contemplates that parties shall come to issue in the trial forum vested with authority to determine questions of fact. This is essential in order that parties may have the opportunity to offer all the evidence they believe relevant to the issues which the trial tribunal is alone competent to decide; it is equally essential in order that litigants may not be surprised on appeal by final decision there of issues upon which they have had no opportunity to introduce evidence.
Id. at 556, 61 S.Ct. 719. The Hormel Court did note that "[t]here may always be exceptional cases or particular circumstances which will prompt a reviewing or appellate court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below." Id. at 557, 61 S.Ct. 719. This case does not present the types of patent injustice considered in Hormel and R.W. Indeed, in the filings and arguments before this Court, both Omnipoint and Miami-Dade *201 (as well as the numerous amici curiae) argue that the ordinances in question are facially constitutional.

CONCLUSION
For the reasons stated above, we hold that the Third District exceeded the proper scope of second-tier certiorari review when it, sua sponte, held the ordinances in question facially unconstitutional. Accordingly, we quash the decision of the Third District Court of Appeal and remand to that court with instructions to review the circuit court's decision pursuant to the standards established by this Court in Vaillant, G.B.V., and Florida Power.
We decline to address whether this case could have been resolved on other grounds. We also decline to address the remaining issues raised by the parties that are beyond the scope of the conflict issue. See Kelly v. Community Hosp. of Palm Beaches, Inc., 818 So.2d 469, 470 n. 1 (Fla.2002).
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.
NOTES
[1] The unlawful discrimination claim was related to the adjacent 150-foot telecommunications tower.
[2] More accurately, though stating it was leaving intact the circuit court's remand, the Third District actually went a step further. It modified the circuit court's remand by saying it was "for the purpose of the Board's granting approval of Omnipoint's application for the monopole." Miami-Dade County v. Omnipoint Holdings, Inc., 811 So.2d 767, 770 (Fla. 3d DCA 2002). The circuit court had properly limited its remand to the board "with instructions to determine the application in accordance" with its opinion. The Third District's modification exceeded a court's certiorari review power. An appellate court has no power in exercising its jurisdiction in certiorari to direct the respondent to take any particular action. It can only quash the order or decision under review and remand for further proceedings. See Broward County v. G.B.V. International, Ltd., 787 So.2d 838, 844 (Fla.2001).