863 So.2d 375 (2003)
MIAMI-DADE COUNTY, Petitioner,
v.
OMNIPOINT HOLDINGS, INC., Respondent.
No. 3D01-2347.
District Court of Appeal of Florida, Third District.
December 10, 2003.
*376 Robert A. Ginsburg, County Attorney, Jay W. Williams, Assistant County Attorney, for petitioner.
Hayes & Martohue and Deborah L. Martohue (St. Petersburg), for respondent.
Before GERSTEN, GODERICH, and FLETCHER, JJ.

ON REMAND
FLETCHER, Judge.
In Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 2003 WL 22208012 (Fla. Sept. 25, 2003), the Florida Supreme Court quashed this court's decision in Miami-Dade County v. Omnipoint Holdings, Inc., 811 So.2d 767 (Fla. 3d DCA 2002) and remanded the cause with instructions for this court to review again the circuit court's certiorari decision, this time limiting our review to the standards established in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982), Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838 (Fla.2001), and Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000). As a result this court is limited in its review on remand to the only remaining issue: whether the circuit court applied the correct law. Vaillant at 626; G.B.V. at 843; and Florida Power at 1092. (The issue as to whether the circuit court afforded procedural due process was not raised by the parties, thus need not be addressed.)
Our determination here begins with the language of Vaillant, G.B.V., and Florida Power as stated in G.B.V. at 842:
"A decision granting or denying a [quasi-judicial] application is governed by local regulations, which must be uniformly administered. The allocation of burdens expressed in Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986), is applicable to such proceedings:
[O]nce the petitioner met the initial burden of showing that his application met the statutory criteria for granting such [applications], `the burden was upon the Planning Commission to demonstrate, by competent substantial evidence presented at the hearing and made part of the record, that the [application] requested by petitioner did not meet such standards and was, in fact, adverse to the public interest.'" [e.s.]
The G.B.V. court went on to say:
"To deny a [quasi-judicial] application, a local government agency must show by competent substantial evidence that the application does not meet the published criteria." [e.s.]
Neither a quasi-judicial body nor a reviewing circuit court is permitted to add to or detract from these criteria (the local regulations) when making its assigned determination.[1] Thus in Miami-Dade County v. *377 Omnipoint Holdings, Inc., 863 So.2d 195, 2003 WL 22208012 (Fla. Sept. 25, 2003) the Florida Supreme Court held that certiorari review is not the proper vehicle to challenge the constitutionality of a statute or an ordinance.
Put another way, quasi-judicial boards do not have the power to ignore, invalidate or declare unenforceable the legislated criteria they utilize in making their quasi-judicial determinations. See Baker v. Metropolitan Dade County, 774 So.2d 14, 19-20 nn. 12-14 (Fla. 3d DCA 2001), rev. denied, 791 So.2d 1099 (2001). Thus quasi-judicial boards cannot make decisions based on anything but the local criteria enacted to govern their actions.
In the instant case the circuit court appellate division was petitioned by Omnipoint Holdings, Inc. to quash the Miami-Dade County zoning board's denial of Omnipoint's application (to construct a communications tower) on two grounds. First, Omnipoint argued that the board's denial is violative of the Federal Telecommunications Act, 47 U.S.C. § 332 (1996). This Act allows local governments to regulate the placement of personal wireless facilities, so long as such regulation does not unreasonably discriminate among like service providers, or prohibit the provision of wireless services. Based on Omnipoint's argument the circuit court concluded that the zoning board's denial violates the Act and thus must be quashed. By considering the Act, however, the circuit court did not apply the correct law. This is so as the Federal Telecommunications Act is not a part of the local zoning criteria, thus the circuit court's decision on certiorari review cannot validly be bottomed on the Federal Act.[2]
The circuit court gave a second reason for its quashal of the zoning board's denial: that the zoning board's decision is not supported by substantial competent evidence (which is defined as "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion."[3]) Whether there was substantial competent evidence is an issue outside our review authority. We are not, however, precluded from reviewing the circuit court's decision to assure that the court applied the correct law to the information offered to the zoning board as evidence. For example, in Machado v. Musgrove, 519 So.2d 629 (Fla. 3d DCA 1987), rev. denied, 529 So.2d 693 and rev. denied, 529 So.2d 694 (Fla.1988), this court observed that a zoning staff report that was irrelevant to the issue involved was entitled to no consideration in arriving at a conclusion as to whether the substantial competent evidence test had been met. In Jesus Fellowship, Inc. v. Miami-Dade County, 752 So.2d 708 (Fla. 3d DCA 2000), this court concluded, inter alia, that the circuit court, by approving the use of lay opinion testimony where technical expertise was required, failed to apply the correct law.[4]
Our review of the circuit court's decision here leads us to the conclusion that the circuit court applied correct law in the process of reaching its conclusion as to the sufficiency of the evidence. As it not our *378 function to pass on the sufficiency of the evidence itself, we stop at this point. Accordingly, the petition for writ of certiorari is denied.
NOTES
[1] See City of Miami v. Save Brickell Ave., Inc., 426 So.2d 1100 (Fla. 3d DCA 1983), at 1104.
[2] The Act may, of course, be the basis for an original action challenging a local zoning decision.
[3] DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957).
[4] Additional examples include Metropolitan Dade County v. Blumenthal, 675 So.2d 598 (Fla. 3d DCA 1995), rev. dismissed, 680 So.2d 421 (Fla. 1996)(fact based lay testimony is perfectly proper); Pollard v. Palm Beach County, 560 So.2d 1358 (Fla. 4th DCA 1990)(lay persons' opinions unsubstantiated by any competent facts are not evidence).