SALCINES, Judge. ■
Brasota Mortgage Company, Inc., requests certiorari review of an order of the circuit court, sitting in its appellate capacity, which dismissed its original petition for writ of certiorari. Brasota Mortgage filed the petition in circuit court to review the denial of its request for approval of a subdivision plat by the planning and zon *640 ing board of the Town of Longboat Key, Florida. We grant the petition and quash the order.
The posture of the case before this court is commonly referred to as a “second-tier” certiorari. As the supreme court noted in Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003), after a zoning board rules on an application for a special zoning exception, the parties may twice seek review in the court system. Id. at 198. First, a party may seek certiorari review at the circuit court level. This “first-tier” review is a matter of right. Id.
At the circuit court level, the court must determine “(1) whether procedural due process is accorded, (2) whether the essential requirements of the law have been observed, and (3) whether the administrative findings and judgment are supported by competent substantial evidence.” City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982).
In the present case, the circuit court order does not set forth the reasons' for the dismissal of the petition for writ of certiorari other than to state “the Petitioner has failed to demonstrate a preliminary basis for relief.” The order cites to Florida Rule of Appellate Procedure 9.100(h); Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983); and Wingate v. State, Department of Highway Safety and Motor Vehicles, 442 So.2d 1023 (Fla. 5th DCA 1983). These cases do not enlighten this court concerning the circuit court’s reasoning for dismissing the petition. Instead, they set forth the standard of review in second-tier certiorari proceedings. From the record before us, it appears that the circuit court applied the incorrect standard when it reviewed the decision of the planning and zoning board. As mentioned above, the first-tier certiorari is a matter of right for the petitioner seeking review of an administrative decision.
Parties seek “second-tier” certiora-ri review of the circuit court decision by petitioning for review in the district court. Second-tier certiorari review is not a matter of right and is similar in scope to common law certiorari review. See Omnipoint Holdings, 863 So.2d at 199. The scope of the district court’s review on second-tier certiorari is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law. Id. This court may not review the record to determine whether the underlying agency decision is supported by competent, substantial evidence. Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092-93 (Fla.2000).
The circuit court did not apply the correct law when it apparently utilized the second-tier standard of review rather than considering the petition to which Brasota was entitled as a matter of right under the standard set forth in Vaillant, 419 So.2d at 626. Accordingly, the petition for writ of certiorari is granted and the circuit court order dismissing the petition for certiorari is quashed.
Petition granted; order quashed.
WHATLEY and SILBERMAN, JJ., Concur.