RAMIREZ, J.
(concurring).
I concur in the denial of the petition for writ of certiorari to review the circuit court’s affirmance of the county court’s order striking the Petitioner’s defensive pleadings for perpetrating a fraud on the court. The Petitioner alleges that the county court denied it procedural due process because the motion to strike its pleadings was unverified and the court did not hold an evidentiary hearing.
I have carefully reviewed the Petitioner’s Response to Plaintiffs Motion to Strike Pleading and its Motion for Rehearing and Reconsideration of Order Granting Plaintiffs Motion to Strike Pleadings and I have found no objection to the unverified nature of the motion to strike, nor any complaint, objection or protestation to the county court’s summary proceeding. All of Petitioner’s pleadings simply argued the facts or the law, but never intimated that there were any procedural infirmities attendant to the actions of the trial court. We have been provided with no transcripts of hearings that I can inspect in an effort to find that the issue was preserved. Petitioner seems to have tacitly agreed to have the issue summarily decided and only after it was defeated did it complain about the procedure. The denial of procedural due process is not an issue that can be raised for the first time on appeal. See E.J. Assoc. Inc. v. John E. and Aliese Price Found., 515 So.2d 763, 764 (Fla. 2d DCA 1987) (citations omitted).
While I would agree with Judge Gen-den’s dissent that Petitioner’s actions did not merit the striking of its pleadings, it is improper on this second tier review for us to revisit the issue of whether the evidence was competent and substantial to find that Petitioner perpetrated a fraud upon the court. See Miami-Dade Cty. v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003).