DAVIS, Judge.
Petitioners are the present owners of a tract of land in the City of Palmetto that was originally part of a larger property that was rezoned as a planned unit development (PUD) in 1981. Since that time, the larger parcel has been divided and sold to different owners. As the current owners of the tract, Petitioners now seek second-tier certiorari review of the circuit court’s order ratifying the failure of the City Council of the City of Palmetto (“the City Council”) to adopt a new ordinance that would increase the density of the subject tract. We deny the petition.
After the property within the PUD was sold piecemeal to different owners, the City Council passed several ordinances that impacted the density limitations of the individual parcels. After purchasing the subject tract, Petitioners found that the density allowed on their property was very limited. They allege that the ordinances that reduced the density of their property over the years were invalid because Petitioners and their predecessors in interest were denied certain due process protections in the passing of the ordinances.
When Petitioners approached the City Council regarding the problem, the City Council agreed to consider a new ordinance that would increase the density of the subject tract. Although the sole issue before the City Council was whether to increase the subject tract’s current density limit via the new ordinance, Petitioners argued at length as to why that current limit was invalid. After opening the issue to public comment, the City Council voted to disapprove the proposed ordinance; Petitioners then fíled a petition for writ of certiorari with the circuit court. The circuit court denied the petition.
“[Cjircuit court review of an administrative agency decision ... is governed by a three-part standard of review: (1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (8) whether the administrative findings and judgment are supported by competent substantial evidence.” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 580 (Fla.1995) (citing City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). Because neither party has alleged that Petitioners were denied procedural due process by the City Council,[1] only the second and third parts of this test are implicated here.
The only issue before the City Council was the passage of the new densi *912 ty ordinance; whether the prior ordinances were valid and whether the present density limitations on the subject property are legal were not issues addressed by the City Council and, thus, were not properly before the circuit court. The sole issue before the circuit court was the City Council’s refusal to enact the new ordinance. In addressing that issue, the circuit court determined that the City Council had not departed from the essential requirements of law and that there was competent, substantial evidence to support the City Council’s action.
When reviewing a decision of a circuit court sitting in its appellate capacity, the district court of appeal is limited to determining whether the circuit court afforded procedural due process and observed the essential requirements of law. Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000); Heggs, 658 So.2d at 530. This court is not to review the record to determine whether the underlying decision is supported by competent, substantial evidence. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003).
Our review of the record indicates that the circuit court applied the proper certio-rari standard and afforded Petitioners procedural due process. Accordingly, the petition for a writ of certiorari is denied.
Denied.
SILBERMAN and VILLANTI, JJ., Concur.

. This is not a review of whether Petitioners or their predecessors in title were afforded due process when the earlier ordinances were adopted. The only due process requirements under review before the circuit court were those afforded Petitioners at the City Council's hearing on the new ordinance.