971 So.2d 829 (2007)
Cesar A. HERNANDEZ-CANTON, Elvis Cruz, William Hopper, Jack Wolfe, and Al Sasiadeck, Petitioners,
v.
MIAMI CITY COMMISSION, City of Miami, Kubik, LLC, and Biscayne Premier Investments, Inc., Respondents.
No. 3D07-465.
District Court of Appeal of Florida, Third District.
October 17, 2007.
Rehearing and Rehearing Denied January 2, 2008.
*830 Michael A. Sastre, Miami, for petitioners.
Greenberg Traurig, P.A., and Elliot H. Scherker and Lucia Dougherty and Brigid F. Cech Samole, Miami; Jorge L. Fernandez, City Attorney, and Rafael Suarez-Rivas, Assistant City Attorney, for respondents.
Before COPE, RAMIREZ, and SALTER, JJ.
Rehearing and Rehearing En Banc Denied January 2, 2008.
COPE, J.
The question before us in this proceeding is whether the Miami City Commission misinterpreted this court's prior ruling in *831 Morningside Civic Ass'n, Inc. v. City of Miami Comm'n, 917 So.2d 293 (Fla. 3d DCA 2005). We conclude that our prior ruling was misinterpreted. We therefore remand for a new hearing.
In 2004, the Miami City Commission enacted a zoning resolution granting approval for a development proposed by Kubik, LLC and Biscayne Premier Investments, Inc. (collectively "the developer"). At the hearing before the City Commission, there was a disagreement about which version of Section 1305 of the Miami City Code would be applicable. Section 1305 had been amended in January 2004. The developer and the City Commission took the position that the old version was applicable. The objectors argued that the new version was applicable. Id. at 294.
The City Commission applied the old version and approved the project. The objectors sought certiorari review in the circuit court appellate division, which denied certiorari.
On second-tier certiorari review in this court, we concluded that the new version of Section 1305 was the applicable version. Id. Our court concluded that the City Commission and the appellate division of the circuit court had applied the incorrect law. Id. We quashed the ruling of the appellate division of the circuit court, id., and by unpublished order on motion for clarification, stated that "[t]he matter shall be remanded by the Circuit Court to the Commission for further proceedings consistent with this court's opinion." Order, March 22, 2006.
When the matter returned to the City Commission, there was a disagreement about how to interpret this court's opinion. The City Attorney took the view that our court had left the 2004 zoning resolution intact, and had simply remanded so that the City Commission could make findings in support of its 2004 resolution. The objectors argued that the earlier zoning resolution could not stand in view of this court's determination that the 2004 resolution was based on the wrong law, i.e., the wrong version of Section 1305.
The City Commission accepted the proposition that its 2004 zoning resolution had not been overturned. The City Commission enacted a new zoning resolution which made the findings contemplated by the new version of Section 1305. The objectors sought certiorari review in the appellate division of the circuit court, which was denied.
The objectors then sought second-tier certiorari review in this court. The petition for certiorari is well taken.
We must respectfully say that our prior opinion was misinterpreted in the proceedings on remand. In order for the developer's application to be approved, it was necessary for the developer to demonstrate compliance with the new version of Section 1305. Since the City Commission in 2004 applied the old version of Section 1305, it follows that the 2004 zoning resolution was defective and had to be set aside. It was necessary for the City Commission to conduct a new hearing and make a determination whether the developer's proposed project does, or does not, comply with the new version of Section 1305.
We therefore grant certiorari and quash the decision of the circuit court appellate division. We vacate the 2006 and 2004 zoning resolutions. We remand this matter to the circuit court appellate division, with directions to remand the matter to the City Commission for a new hearing and determination by the City Commission whether the proposed project does, or does not, comply with Section 1305 as amended in 2004.
*832 At the new hearing, the developer has the burden of demonstrating compliance with the new version of Section 1305. The City Commission must reopen the record and afford the developer and the objectors an opportunity to present new evidence if they so choose. Alternatively, the developer and the objectors are free to rely on the existing record if they so choose.[1]
We address two other issues raised by the objectors in their petition. The objectors complain that, at the hearing below, the City Commission did not allow adequate time for the objectors to present their position. Under the circumstances of this case, we agree. The new version of Section 1305 contains nine Design Review Criteria, some of which have multiple subdivisions. The City Commission was asked to make a total of twenty-five findings relating to the Design Review Criteria and their subdivisions. The City Commission allotted only eight minutes per side for the developer and the objectors to make their presentations. Under the circumstances, we must respectfully state that eight minutes per side was too short a time allotment. While we do not specify any particular length of time, on remand a reasonable time allotment shall be given to each side.
Second, the objectors in their petition raise a facial constitutional challenge to Section 502(c) of the City of Miami Zoning Code, which is the City's floor area ratio ordinance. We agree with the developer that a petition for writ of certiorari cannot be used for this purpose. "[A] petition seeking certiorari review is not the proper procedural vehicle to challenge the constitutionality of a statute or ordinance." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003) (citation omitted). A challenge to the constitutionality of an ordinance "must be determined in original proceedings before the circuit court, not by way of a petition for writ of certiorari." Id. (internal quotation marks and citations omitted).
As we did in our prior opinion, we conclude that the exercise of "second-tier" certiorari is appropriate where, as here, there has been an application of the incorrect law in the proceedings below. See Omnipoint Holdings, 863 So.2d at 199 (Fla.2003); City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982); Morningside Civic Ass'n, 917 So.2d at 295. Second-tier certiorari is also appropriate where, after an earlier second-tier certiorari proceeding, there has been a departure from the terms of the appellate court ruling in the proceedings on remand.
For the stated reasons we grant certiorari and remand for proceedings consistent with this opinion.
NOTES
[1] We express no opinion on whether the existing record is, or is not, legally sufficient to support the position of either side.