987 So.2d 755 (2008)
CITY OF ST. PETERSBURG, Petitioner,
v.
Brian MEATON, Respondent.
No. 2D07-3073.
District Court of Appeal of Florida, Second District.
July 9, 2008.
*756 John C. Wolfe, City Attorney and Pamela D. Cichon, Senior Assistant City Attorney, St. Petersburg, for Petitioner.
James A. Sheehan, St. Petersburg, for Respondent.
CANADY, Judge.
The City of St. Petersburg seeks certiorari review of the circuit court's order which granted Brian Meaton's petition for writ of certiorari and quashed the City of St. Petersburg Civil Service Board's order upholding Meaton's termination from city employment. For the reasons we explain, we conclude that the City is not entitled to relief.
Meaton's employment was terminated by the City in 2003. He filed an appeal with the Board. After a hearing, the Board issued an order concluding that there was just cause for Meaton's termination. The Board's action precipitated a chain of events involving two certiorari proceedings and a mandamus proceeding in the circuit court.
In response to the Board's decision, Meaton filed a petition for writ of certiorari which was granted by the circuit court. In its order granting Meaton's petition, the circuit court determined that the Board's findings concerning Meaton's conduct did not justify the conclusion that there was just cause for his termination. In quashing the Board's order, the circuit court noted that the subject matter was left pending before the Board as if no order had been entered by the Board. The circuit court declined to directly order Meaton's reinstatement with back pay. The case was then "remanded for action consistent with [the circuit court's] order and opinion."
After the circuit court granted certiorari, Meaton sought reinstatement to his position. *757 However, by this time, the entire membership of the Board had changed. A hearing was held before the newly constituted Board, which rejected Meaton's request and instead decided to hold a new evidentiary hearing. Meaton then filed a petition for writ of mandamus seeking his reinstatement.
The circuit court entered an order denying Meaton's petition for writ of mandamus. The order stated, however, that Meaton's due process rights would be violated if the Board held another evidentiary hearing. The order further stated that in the original order granting certiorari, the circuit court sitting in its appellate capacity determined that the relevant findings did not constitute just cause for termination and that the Board was bound by that decision. Finally, the circuit court stated that the Board could listen to the audio tapes of the original termination hearing and if it heard additional facts that did not contradict the Board's original findings, it could make supplemental findings.
Adhering to the circuit court's order, the Board proceeded to listen to the tapes. The Board then issued a second order determining that there was just cause for Meaton's termination. In that order, the Board readopted the original findings but supplemented them with additional findings to support the just cause determination. Meaton then filed his second petition for writ of certiorari in the circuit court.
The circuit court entered an order granting Meaton's petition. In its order, the circuit court determined that "the [Board] departed from the essential requirements of law in holding another hearing" because "it is impossible for an entirely different Board to conduct a meaningful review ... by listening to hours of previously taped hearings, without observing the demeanor of the witnesses and being able to determine the witnesses' credibility first-hand." The court went on to state that it "cannot directly order that Meaton be reinstated with back pay" but that "it is inconceivable that the City gets the proverbial `second bite at the apple.'" The import of the court's statement is that it would be inappropriate for the Board to conduct further proceedings to establish the basis for Meaton's termination.
The City now seeks second-tier certiorari review of this order. The City argues that the circuit court departed from the essential requirements of law by exceeding the scope of its review. The City maintains the circuit court's order has the effect of requiring the Board to reinstate Meaton.
In this second-tier certiorari proceeding, our review "is limited to whether the circuit court (1) afforded procedural due process[] and (2) applied the correct law." Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla. 2003). We apply this two-pronged analysis in "deciding whether the lower court `departed from the essential requirements of law.'" Id. (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995)).
We conclude that the circuit court did not depart from the essential requirements of law when it quashed the order of the newly constituted Board which contained findings based on the review of the audio tapes of the testimony heard by the original Board members. The City points to no authority which justifies such a procedure. It is axiomatic that a fact-finder should personally observe the demeanor of witnesses when making determinations concerning their credibility. See Bayer Corp. v. Comm'r of Revenue, 436 Mass. 302, 763 N.E.2d 1100, 1105 (2002) ("The board could not evaluate the credibility of *758 the witnesses without observing their demeanor when testifying. The board's reliance on only the record of the hearing to reach its decision was, therefore, fundamentally flawed and must be vacated." (citations and footnote omitted)).
Our denial of the City's petition should, however, not be understood as manifesting our approval of the circuit court's comments about the appropriateness of further proceedings before the Board. See Tynan v. Dep't of Highway Safety & Motor Vehicles, 909 So.2d 991 (Fla. 5th DCA 2005) (rejecting claim that due process was violated when new hearing officer conducted additional evidentiary hearing after order was quashed).
In Tamiami Trail Tours, Inc. v. Railroad Commission, 128 Fla. 25, 174 So. 451, 454 (1937), the supreme court recognized that when a circuit court grants certiorari relief and quashes an order of a lower tribunal,
it leaves the subject matter, that is, the controversy pending before the tribunal, commission, or administrative authority, as if no order or judgment had been entered and the parties stand upon the pleadings and proof as it existed when the order was made with the rights of all parties to proceed further as they may be advised to protect or obtain the enjoyment of their rights under the law in the same manner and to the same extent which they might have proceeded had the order reviewed not been entered.
The [circuit] court has no power when exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy under consideration, nor to direct the respondent to enter any particular order or judgment.
See also Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 844 (Fla.2001).
In the series of proceedings that have followed in the train of Meaton's discharge, the circuit court has more than once issued pronouncements concerning the course of future proceedings. These pronouncements are nothing more than dicta.
Petition denied.
FULMER and KELLY, JJ., Concur.