# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-289
Lower Tribunal No. 17-280

_____

**John Forte, et al.,**
Petitioners,

vs.

**Miami-Dade County,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Rosa Figarola, Miguel De La O, and Ramiro C. Areces, Judges.

Bercow, Radell Fernandez & Larkin, PLLC, and Thomas Robertson, for petitioners.

Abigail Price-Williams, Miami-Dade County Attorney, and James Edwin Kirtley, Jr., Assistant County Attorney, for respondent.

Before EMAS, C.J., and SCALES and LINDSEY, JJ.

SCALES, J.

Six of eighteen condominium unit owners of the Harbour Bay Condominiums of Bay Harbor Islands, Florida, applied to the Miami-Dade County Historic Preservation Board (the "Board") for an historic designation of their building. On November 16, 2016, the Board approved the designation. Three unit owners – Petitioners John Forte, Paul Meyer and Sue Olson – appealed the historic designation to the Miami-Dade County Commission. After conducting a quasi-judicial hearing, the County Commission denied the appeal. The Petitioners then petitioned the Circuit Court for a first-tier certiorari review, and on January 11, 2019, the Circuit Court rendered its decision denying certiorari. The Petitioners now seek in this Court second-tier certiorari review of the Circuit Court decision. For the reasons set forth below, we deny the petition.

The issue at each level of review has been whether only six of eighteen condominium unit owners may constitute "owners" under the pertinent County ordinance for historic designation application purposes.[1] While the Circuit Court's

---

[1] The six unit owners applied for the historic designation on February 24, 2016. Section 16A-4(14) of the County's Historic Preservation Code, in effect at that time, defined a property owner as follows: "*Owner of a designated property*: As reflected on the current Metropolitan Miami-Dade County tax rolls or current title holder." Section 16A-10(IV), which outlined application procedures, merely provided that: "The owner(s) of any property in . . . any municipality that is under Miami-Dade County historic preservation jurisdiction, may petition this Board for designation of their property . . . ." On November 1, 2016, while the subject application was under review by the Board, the County Commission changed the definition of "Owner(s)" by, among other things, adding this language to section 16A-4(20): "When the ownership of a building has been divided into condominiums, the condominium association shall be considered the sole owner,

2

decision noted that, under the relevant provisions of the County Code, the application might have been faulty for not having been submitted by all owners, the Circuit Court concluded that this potential infirmity in the application did not render the Board's ultimate action invalid. In denying certiorari relief to the Petitioners, the Circuit Court determined that, because the Board, on its own, may begin the designation process – irrespective of whether an application is filed – the County Commission did not depart from the essential requirements of law by upholding the Board's designation.

On second-tier certiorari review, we do not analyze the Board's designation or the County Commission's denial of the Petitioners' appeal of the Board's designation. Rather, our review "is limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law." Miami-Dade Cty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003). We conclude that, in its certiorari review of the County Commission's action, the Circuit Court afforded the Petitioners due process and applied the correct law; thus, it committed no error.

Petition denied.

---

so long as the condominium association has the support of the majority of condominium unit owners." In its response brief, the County explains that this code amendment was not triggered by the subject application, but resulted from an ongoing process of code review. We recognize, though, how the County's subsequent legislative action might be perceived by the Petitioners as confirming their argument that the initial application was invalid.