# Third District Court of Appeal

## State of Florida

Opinion filed June 22, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2367
Lower Tribunal Nos. 18-10-K, CE18020103,
18-11-K, CE18030108

_____

**Monroe County, Florida,**
Petitioner,

vs.

**Thurmond Street Partners, LLC,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Appellate Division, Timothy J. Koenig, Judge.

Peter H. Morris, Assistant Monroe County Attorney, for petitioner.

Hershoff Lupino & Yagel, LLP, and Russell A. Yagel, for respondent.

Before LOGUE, HENDON and GORDO, JJ.

PER CURIAM.

Denied.  See Miami-Dade Cnty. v. Omnipoint Holdings, Inc._, 863 So. 2d 195, 199 (Fla. 2003) ("[Second-tier certiorari review is] limited to whether the circuit court (1) afforded procedural due process, and (2) applied the correct law."); Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012) ("Moreover, certiorari jurisdiction cannot be used to create new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied."); Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1093 (Fla. 2010) ("[A] circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not a departure from the essential requirements of law remediable by certiorari.") (emphasis omitted); Miami-Dade Cnty. v. Snapp Indus., Inc., 319 So. 3d 739, 741 (Fla. 3d DCA 2021) (concluding the circuit court applied the correct law despite the county's argument that the circuit court reweighed the evidence presented at the evidentiary hearing); City of Miami v. Hervis, 65 So. 3d 1110, 1115 (Fla. 3d DCA 2011) ("[I]t is not the function of this Court on second-tier certiorari to correct error or reweigh the evidence.").