# Third District Court of Appeal
## State of Florida

Opinion filed July 5, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-710
Lower Tribunal No. 22-73 AP
_____

**Jack Kessler,**
Petitioner,

vs.

**Miami-Dade County, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Ramiro C. Areces, Daryl E. Trawick, and Maria de Jesus Santovenia, Judges.

Bercow Radell Fernandez Larkin & Tapanes, PLLC, and Thomas H. Robertson and Nicholas J. Rodriguez-Caballero and Gray J. Crow, for petitioner.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Cristina Rabionet and Christopher J. Wahl, Assistant County Attorneys, for respondent Miami-Dade County; Pathman Schermer Tandy, LLP, and David M. Hawthorne and Michele Formaggio, for respondents Alexander Ayzen and Alla Ayzen.

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

In this second-tier certiorari case, petitioner Jack Kessler challenges a March 22, 2023 circuit court order that denied petitioner's first-tier certiorari challenge to an October 6, 2022 resolution of the Board of County Commissioners of Miami-Dade County. The County's resolution approved an application for a boat dock permit submitted by petitioner's neighbor, the County's co-respondents, Alexander Ayzen and Alla Ayzen.

Our second-tier certiorari review is limited to whether the circuit court afforded procedural due process and applied the correct law. Cocoplum Civic Ass'n v. City of Coral Gables, 336 So. 3d 774, 774 (Fla. 3d DCA 2021). We deny the petition because the record clearly shows the circuit court afforded due process. Seminole Ent. Inc. v. City of Casselberry, Fla., 813 So. 2d 186, 188 (Fla. 5th DCA 2002) ("As to whether the circuit court afforded [petitioner] procedural due process, in its petition for certiorari [petitioner] does not even contend to the contrary. Rather, in asserting a due process argument, [petitioner] improperly argues that it was not afforded procedural due process in the hearing before the city commission. Arguments as to the alleged lack of due process before the city commission were properly

2

presented to the circuit court but are beyond the scope of due process review available here.") (footnote omitted).

Also, there is no indication that the circuit court applied the incorrect law in its review of the County's approval of the dock permit application. See Miami-Dade Cnty. v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003) ("The district court may not review the record to determine whether the underlying agency decision is supported by competent, substantial evidence. Therefore, as a practical matter the circuit court's final ruling in most first-tier cases is conclusive because second-tier review is so extraordinarily limited.") (citation omitted); Somerset Acad., Inc. v. Miami-Dade Cnty. Bd. of Cnty. Comm'rs., 314 So. 3d 597, 599 (Fla. 3d DCA 2020) (recognizing that an unelaborated circuit court order on first-tier certiorari will generally not merit second-tier certiorari review).

Petition denied.