# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

———————————————

HILLSBOROUGH COUNTY, a political
subdivision of the State of Florida,

Petitioner,

v.

G.L. ACQUISITIONS CORPORATION, INC.,

Respondent.

No. 2D2024-1958

———————————————

July 9, 2025

Petition for Writ of Certiorari to the Circuit Court for Hillsborough
County; sitting in its appellate capacity.

Mary J. Dorman, Senior Assistant County Attorney, Linda Shaljani,
Assistant County Attorney, and Cameron S. Clark, Chief Assistant
County Attorney, of the Hillsborough County Attorney's Office, Tampa,
for Petitioner.

Darrin J. Quam, Jacob T. Cremer and Nicole Neugebauer of Stearns
Weaver Miller Weissler Alhadeff & Sitterson, P.A., Tampa, for
Respondent.


SLEET, Judge.

Hillsborough County seeks second-tier certiorari review of the

circuit court's order which granted G.L. Acquisitions Corporation's (GLA)

petition for certiorari and quashed the Hillsborough County Board of County Commissioners' denial of GLA's rezoning application. Because we conclude that the circuit court departed from the essential requirements of the law by basing its review on a finding that the Board did not make, we grant the petition and quash the order.

In 2021, GLA was the contract purchaser of 150 acres of real property in Pebble Creek, an unincorporated area in northern Hillsborough County. The property was zoned specifically as a golf course, and the surrounding Pebble Creek neighborhood was zoned and developed as a mixed-use community. In 2023, GLA applied to rezone the property from its current classification as a golf course to residential and received conditional approvals from the County Planning Commission and the County Development Services Department.

The zoning hearing master, who considered the application and the evidence, recommended the application's approval with certain conditions to which GLA agreed. When the application came before the Board at a public hearing, it heard presentations and argument from county staff and GLA as well as from local residents opposed to the application. The Board ultimately voted to deny the application on a five to two vote and rendered a resolution finding (1) that the application was not compatible with the existing land uses in the area surrounding the property, (2) that the application was not compatible with the zoning districts applicable to the area surrounding the property, and (3) that the application was inconsistent with the Comprehensive Plan. The Board concluded that "[t]he record evidence supports that the retention of the existing PD zoning accomplishes a legitimate public purpose."

GLA then sought first-tier certiorari relief in the circuit court, which granted GLA's petition and quashed the Board's resolution. The circuit

court held that the Board's determination that denial of the proposed rezoning advanced a legitimate public purpose was unsupported by competent, substantial evidence. Hillsborough County now seeks second-tier certiorari review of the circuit court's order.

A party seeking review of a zoning board's decision may seek first-tier certiorari review as a matter of right at the circuit court level and then second-tier certiorari review in the district court. *Miami-Dade County v. Omnipoint Holdings, Inc.*, 863 So. 2d 195, 198-99 (Fla. 2003). "Second-tier certiorari review is not a matter of right . . . ." *Id.* at 199. Rather, it is limited in scope "to whether the circuit court (1) afforded procedural due process and[] (2) applied the correct law." *Id.* (citing *Broward County v. G.B.V. Int'l, Ltd.*, 787 So. 2d 838, 843 (Fla. 2001)). "In other words, this two-pronged, second-tier review is simply another way of deciding whether the lower court 'departed from the essential requirements of law.' " *Id.* (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995)). Because Hillsborough County does not contend that the circuit court denied it due process, we assess only whether the circuit court applied the correct law. "A ruling constitutes a departure from the essential requirements of law when it amounts to 'a violation of a clearly established principle of law resulting in a miscarriage of justice.' " *Id.* (quoting *Tedder v. Fla. Parole Comm'n*, 842 So. 2d 1022, 1024 (Fla. 1st DCA 2003)).

Hillsborough County argues that the circuit court departed from the essential requirements of the law by basing its ruling on the statements of a single county commissioner rather than on the Board's adopted resolution. We agree.

"It is axiomatic that the County Commission speaks through its written Resolution." *Metropolitan Dade County v. Blumenthal*, 675 So. 2d

598, 604 (Fla. 3d DCA 1995) (en banc).[1]  Here, the resolution states in relevant part:

> The Board having considered the report and recommendation of the Hillsborough County Administration, the report and recommendation of the Planning Commission, and the recommendation of the Land Use Hearing Officer, and having considered all record evidence and oral argument, *finds that the major modification of the subject property would be inconsistent with the goals, policies and objectives contained in the Comprehensive Plan* enacted by the Board of County Commissioners of Hillsborough County . . . .
>
> . . . .
>
> The record evidence supports that the retention of the existing PD zoning accomplishes a legitimate public purpose.

(Emphasis added.)  The legal issue that the circuit court should have determined was whether there was competent substantial evidence to support that finding.

However, the circuit court's order incorrectly characterized the Board's ruling, stating in part that "[t]he Board's decision was based, in part, on the belief that the president of Ace Golf lacks good sense and common decency.  Some residents speculated that the current owner's past behavior was the root cause of the golf course no longer being a viable business."  In fact, nowhere in the resolution did the Board state or even imply that.  Rather, the reference comes from a comment made by one of the commissioners during the hearing.  And while the commissioner was entitled to express his views during the hearing, that view ultimately was not adopted in the resolution.

Therefore, by reviewing and citing to an individual commissioner's comment, the circuit court effectively charged the Board with making a

---

[1] Judge Cope's dissent was adopted as the opinion of the court upon rehearing en banc.

finding that it did not make and then quashed the Board's resolution upon concluding that the Board was not permitted to make such arbitrary, discriminatory, or unreasonable decisions. This constituted a departure from the essential requirements of the law, and accordingly, we grant the petition and quash the circuit court's order.

Petition granted and order quashed.

SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.